# EXHIBIT A

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

FILED
CIVIL ACTIONS BRANCH
**SEP 3 0 2019**
Superior Court
of the District of Columbia
Washington, D.C.

Anibelka
Henriquez Squires
2616 Lady Grove Rd          *Plaintiff*
Mitchellville, MD, 20721
                    *vs.*

CIVIL ACTION NO. **19 - 0006140**

Gallaudet
University          *Defendants*
800 Florida Ave N.E
Washington, DC          **COMPLAINT**
        20002-3695

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

Refer to attachment (typed)

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ _see attachment_
with interest and costs.

(240) 241-7071 (VP)
Phone:

DISTRICT OF COLUMBIA, ss

Anibelka Henriquez Squires, being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-off and just grounds of defense.

(Plaintiff                                          Agent)

Subscribed and sworn to before me this ___30___ day of _September_ 20_19_.

(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

September 30, 2019

From:      Anibelka Henriquez Squires
Re:        Discrimination
Subject:   File a complaint against Gallaudet University

Dear Supreme Court,

My name is **Anibelka Henriquez Squires** and I am filing a complaint against Gallaudet University for discrimination and retaliation. For violating my rights under D.C. Human Rights Act on the basis of my race (Latina), disability (Hard of Hearing, not Deaf enough) and protected EEO activity when Gallaudet subjected me to a hostile work environment; accused me of medical abuse when they requested an isolated doctor's note for time off due to medical reasons, and reasonable accommodations (prior attorney struggled to secure an interpreter and when he was unable, I was terminated).

I was a undergraduate and graduate student (second masters) before I invested 14 years in the workplace as an employee. My work performance was never impacted instead, there were series of harassment, discrimination, bully and retaliation from my former supervisor in Academic Advising Department. The termination letter does not clearly stated why I was terminated other than because I turned down the settlement agreement which is within my rights.

I am seeking all remedies available under D.C law, including reinstallation, back pay and back benefits, compensatory damages, record correction, and attorney fees.

Sincerely,

Anibelka Henriquez Squires



# GALLAUDET
### U N I V E R S I T Y

Academic and Career Success

October 2, 2018

Ms. Anibelka Henriquez Squires
8603 Savannah River Road
Laurel, MD 20724

Dear Ms. Henriquez Squires:

Since you have declined to accept Gallaudet's proposal for a separation agreement, we are terminating your employment effective Tuesday, October 2, 2018. Your last day in the office was on Thursday, August 16, 2018. However, you requested time off on Friday, August 17, 2018 using your sick leave. As of Friday, August 17, 2018, your annual leave balance was 184.5 hours. We have applied your annual leave from Monday, August 20, 2018 through Friday, September 21, 2018. Please note that you had a balance of 0.5 hour of Annual Leave after Thursday, September 20, 2018. In order to ensure you are paid for the whole day on Friday, September 21, 2018, we applied 7.5 hours of administrative leave. You were placed on leave without pay, beginning on Monday, September 24, 2018 through Tuesday, October 2, 2018.

You are eligible to enroll to the Temporary Continuation of Coverage (TCC) under the Federal Employees Health Benefits Program. Please send an email to benefits@gallaudet.edu to discuss this option as well as the disposition of your other benefits.

Sincerely,

Thelma I. Schroeder
Associate Dean
Academic and Career Success

Cc: Dr. Thomas Horejes, Associate Provost, Student Success and Academic Quality
    Dr. Carol J. Erting, Provost, Academic Affairs
    Ms. Christina Shen-Austin, Executive Director, Human Resources Services
    Ms. Sharrell McCaskill, Director, Equal Opportunity Programs
    Departmental file

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Anibelka Henriquez Squires
_____
Plaintiff

vs.

Gallaudet University
_____
Defendant

Case Number   19 - 0006140

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Anibelka Henriquez Squires
_____
Name of Plaintiff's Attorney

2616 Lady Grove Rd
_____
Address
Mitchellville, MD 20721

(240) 241-7071
_____
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date _____

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828로 전화주십시오      ፡ለትርጉም፡ (202) 879-4828 ይደውሉ።

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]

Super. Ct. Civ. R. 4



### TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
                                    Demandante
                 contra

                                                    Número de Caso: _____

_____
                                    Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

                                        *SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

                          Por: _____
_____                    Subsecretario
Dirección

                          Fecha _____
_____
Teléfono
如需翻译，请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면 (202) 879-4828 로 연락하십시오     ⶕⶕⶕⶕⶕ ⶕⶕⶕⶕⶕ (202) 879-4828 ⶕⶕⶕ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                              Super. Ct. Civ. R. 4

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

Anibelka Henriquez Squires

vs

Gallaudet University

Case Number: **19 - 0 0 0 6 1 4 0**

Date: _____

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* | Relationship to Lawsuit |
|---|---|
| Firm Name: | ☐ Attorney for Plaintiff |
| | ☒ Self (Pro Se) |
| Telephone No.:      Six digit Unified Bar No.: | ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☐ 6 Person Jury    ☐ 12 Person Jury
Demand: $_____    Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.:_____    Judge:_____    Calendar #:_____

Case No.:_____    Judge:_____    Calendar#:_____

---

NATURE OF SUIT:    *(Check One Box Only)*

## A. CONTRACTS

### COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☒ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
   Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
   Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
   Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
   Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
   Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (Including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
   Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
   Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE    IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
   (DC Code § 11-941)
☐ 10 Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☐ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
   (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
   Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
   Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
   Judgment [ D.C. Code §
   2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
   42-3301, et seq.)

☐ 21 Petition for Subpoena
   [Rule 28-1 (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
   (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

09/30/2019
Date



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION - Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Anibelka H. Squires
_____
*Plaintiff(s)*

v.                                                    Case No: 2019 ca 6410 _____

Gallaudet University
_____
*Defendant(s)*

### NOTICE AND ACKNOWLEDGMENT OF SERVICE

To (insert name and address of the party to be served):

Gallaudet University
_____
800 Florida Avenue., N.E.
_____
Washington, D.C. 20002
_____
_____

The enclosed summons, complaint, initial order, and any addendum are served in accordance with Superior Court Rule of Civil Procedure 4(c)(5).

Please sign and date the Acknowledgement at the bottom of the page. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, please indicate your relationship to that entity in the space beside your signature. If you are served on behalf of another person and you are authorized to receive process, please indicate your authority in the space beside your signature.

If you do not complete and return the form to the sender within 21 days after it was mailed and you do not show good cause for this failure, you (or the party on whose behalf you are being served) will be required to pay 1) the costs incurred in serving the summons, complaint, initial order, and any addendum in any other manner permitted by law and 2) the reasonable expenses, including attorney's fees, for any motion required to collect those service expenses.

If you do complete and return this form, you (or the party on whose behalf you are being served) must answer the complaint within 21 days after you have signed, dated, and returned the form (or within 60 days if the party being served is the United States, the District of Columbia, or officers or employees of either). If you fail to do so, judgment by default may be entered against you for the relief demanded in the complaint.

This Notice and Acknowledgment of Receipt of Summons, Complaint, Initial Order, and Any Addendum was mailed on (insert date): 10/02/2019 _____.

_____                    10 2-19 _____
*Signature*                                            *Date of Signature*

### ACKNOWLEDGMENT OF RECEIPT OF SUMMONS, COMPLAINT, INITIAL ORDER, AND ANY ADDENDUM

I (print name) _____ received a copy of the summons, complaint, initial order, and any addendum in the above captioned matter at (insert address): _____
_____
_____

_____          _____          _____
*Signature*                          *Relationship to Defendant/Authority*          *Date of Signature*
                                      *to Receive Service*

Para pedir una traducción, llame al (202) 879-4828          如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction
Để có một bài dịch, hãy gọi (202) 879-4828          ?ለማ?? ?ርጉም ?ማግኘት? (202) 879-4828 ?.?.?          번역을 원하시면, (202) 879-4828 로 전화주십시요



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

ANIBELKA HENRIQUEZ SQUIRES
Vs.
GALLAUDET UNIVERSITY

C.A. No.      2019 CA 006410 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge JOSE M LOPEZ
Date:   September 30, 2019
Initial Conference: 9:30 am, Friday, January 10, 2020
Location:   Courtroom 212
              500 Indiana Avenue N.W.
              WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code§ 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief   Judge   Robert   E.   Morin

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001
Telephone: (202) 879-1133 Website: www.dccourts.gov

Anibelka Henriquez Squires
_____
                                    Plaintiff
                    vs.

Gallaudet University
_____
                                    Defendant

Case Number    19 - 0 0 0 6 1 4 0

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Anibelka Henriquez Squires
_____
Name of Plaintiff's Attorney

2616 Lady Grove Rd
_____
Address

Mitchellville, MD 20721

(240) 241-7071
_____
Telephone

Clerk of the Court

By _____
                        Deputy Clerk

Date _____

如需翻译，请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오.          የአማርኛ ትርጉም አስፈላጊ ከሆነ (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110[Rev. June 2017]                                                                 Super. Ct. Civ. R. 4



TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
DIVISIÓN CIVIL
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

_____
Demandante

contra                                    Número de Caso: _____

_____
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante
_____

                                          Por: _____
                                                         Subsecretario
Dirección
_____

                                          Fecha _____
Teléfono
_____
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bản dịch, hãy gọi (202) 879-4828
만약에 번역을 원하시면(202) 879-4828 로 전화해주십시요.        የአማርኛ ትርጉም አስተካዩ (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                          Super. Ct. Civ. R. 4

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

RBCEIVED
Civil Clerk's Office
SEP 3 0 2019

Anibelka
Henriquez Squires
2616 Lady Grove Rd
Mitchellville, MD, 20721        *Plaintiff*

vs.

CIVIL ACTION No. **19 - 0 0 0 6 1 4 0**

Gallaudet
University        *Defendants*
800 Florida Ave N.E
Washington, DC        **COMPLAINT**
      20002-3695

1.  **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

Refer to attachment (typed)

**Wherefore, Plaintiff demands judgment against Defendant in the sum of $** ___see attachment___
**with interest and costs.**

(240) 241 7071 (VP)
**Phone:**

**DISTRICT OF COLUMBIA, SS**

___Anibelka Henriquez Squires___, **being first duly sworn on oath deposes and says that the
foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all
set-off and just grounds of defense.**

_____ (Plaintiff                                    Agent)

**Subscribed and sworn to before me this** __30__ **day of** __September__ 20_19_.

_____
(Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00



GALLAUDET
U N I V E R S I T Y

Academic and Career Success

October 2, 2018

Ms. Anibelka Henriquez Squires
8603 Savannah River Road
Laurel, MD 20724

Dear Ms. Henriquez Squires:

Since you have declined to accept Gallaudet's proposal for a separation agreement, we
are terminating your employment effective Tuesday, October 2, 2018. Your last day in
the office was on Thursday, August 16, 2018. However, you requested time off on
Friday, August 17, 2018 using your sick leave. As of Friday, August 17, 2018, your
annual leave balance was 184.5 hours. We have applied your annual leave from
Monday, August 20, 2018 through Friday, September 21, 2018. Please note that you
had a balance of 0.5 hour of Annual Leave after Thursday, September 20, 2018. In
order to ensure you are paid for the whole day on Friday, September 21, 2018, we
applied 7.5 hours of administrative leave. You were placed on leave without pay,
beginning on Monday, September 24, 2018 through Tuesday, October 2, 2018.

You are eligible to enroll to the Temporary Continuation of Coverage (TCC) under the
Federal Employees Health Benefits Program. Please send an email to
benefits@gallaudet.edu to discuss this option as well as the disposition of your other
benefits.

Sincerely,

*Thelma I. Schroeder*

Thelma I. Schroeder
Associate Dean
Academic and Career Success

Cc: Dr. Thomas Horejes, Associate Provost, Student Success and Academic Quality
    Dr. Carol J. Erting, Provost, Academic Affairs
    Ms. Christina Shen-Austin, Executive Director, Human Resources Services
    Ms. Sharrell McCaskill, Director, Equal Opportunity Programs
    Departmental file

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

*Anibelka*
*Henriquez Squires*   Case Number: **19 - 0006140**

vs

*Gallaudet University*   Date: _____

☐ One of the defendants is being sued
in their official capacity.

| Name: *(Please Print)* | Relationship to Lawsuit |
|---|---|
| Firm Name: | ☐ Attorney for Plaintiff |
| Telephone No.:            Six digit Unified Bar No.: | ☒ Self (Pro Se) |
| | ☐ Other: |

TYPE OF CASE:   ☐ Non-Jury          ☐ 6 Person Jury          ☐ 12 Person Jury
Demand: $_____          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____          Judge: _____          Calendar #: _____

Case No.: _____          Judge: _____          Calendar#: _____

---

**NATURE OF SUIT:**    *(Check One Box Only)*

## A. CONTRACTS

COLLECTION CASES

☐ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☒ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
    Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
    Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
    Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
    Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
    Under $25,000 Consent Denied

## B. PROPERTY TORTS

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

## C. PERSONAL TORTS

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical- Including Wrongful Death
☐ 16 Negligence- (Not Automobile,
    Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
    Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE          IF USED

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants
  (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment

- ☐ 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability

- ☐ 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage
  Certificate
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)

- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- ☐ 21 Petition for Subpoena
  [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)

- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_Attorney's Signature_

09/30/2019

Date

September 30, 2019

From:       Anibelka Henriquez Squires
Re:         Discrimination
Subject:    File a complaint against Gallaudet University

Dear Supreme Court,

My name is **Anibelka Henriquez Squires** and I am filing a complaint against Gallaudet University for discrimination and retaliation. For violating my rights under D.C. Human Rights Act on the basis of my race (Latina), disability (Hard of Hearing, not Deaf enough) and protected EEO activity when Gallaudet subjected me to a hostile work environment; accused me of medical abuse when they requested an isolated doctor's note for time off due to medical reasons, and reasonable accommodations (prior attorney struggled to secure an interpreter and when he was unable, I was terminated).

I was a undergraduate and graduate student (second masters) before I invested 14 years in the workplace as an employee. My work performance was never impacted instead, there were series of harassment, discrimination, bully and retaliation from my former supervisor in Academic Advising Department. The termination letter does not clearly stated why I was terminated other than because I turned down the settlement agreement which is within my rights.

I am seeking all remedies available under D.C law, including reinstallation, back pay and back benefits, compensatory damages, record correction, and attorney fees.

Sincerely,

Anibelka Henriquez Squires



**GALLAUDET**
UNIVERSITY

Academic and Career Success

October 2, 2018

Ms. Anibelka Henriquez Squires
8603 Savannah River Road
Laurel, MD 20724

Dear Ms. Henriquez Squires:

Since you have declined to accept Gallaudet's proposal for a separation agreement, we are terminating your employment effective Tuesday, October 2, 2018. Your last day in the office was on Thursday, August 16, 2018. However, you requested time off on Friday, August 17, 2018 using your sick leave. As of Friday, August 17, 2018, your annual leave balance was 184.5 hours. We have applied your annual leave from Monday, August 20, 2018 through Friday, September 21, 2018. Please note that you had a balance of 0.5 hour of Annual Leave after Thursday, September 20, 2018. In order to ensure you are paid for the whole day on Friday, September 21, 2018, we applied 7.5 hours of administrative leave. You were placed on leave without pay, beginning on Monday, September 24, 2018 through Tuesday, October 2, 2018.

You are eligible to enroll to the Temporary Continuation of Coverage (TCC) under the Federal Employees Health Benefits Program. Please send an email to benefits@gallaudet.edu to discuss this option as well as the disposition of your other benefits.

Sincerely,

Thelma I. Schroeder
Associate Dean
Academic and Career Success

Cc: Dr. Thomas Horejes, Associate Provost, Student Success and Academic Quality
     Dr. Carol J. Erting, Provost, Academic Affairs
     Ms. Christina Shen-Austin, Executive Director, Human Resources Services
     Ms. Sharrell McCaskill, Director, Equal Opportunity Programs
     Departmental file

FILED
CIVIL ACTIONS BRANCH

**OCT 1 7 2019**

Superior Court
of the District of Columbia
Washington, D.C.



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Anibelka Henriquez Squires

*Plaintiff*

19 - 0 0 0 6 4 1 0

Civil Action No.: _____

Vs.

Gallaudet University

*Defendant*

### AFFIDAVIT OF SERVICE BY CERTIFIED/REGISTERED MAIL

I, _Anibelka Henriquez Squires_ under oath do hereby state the following:

That my age and date of birth are as follows: _44 / 04-26-1975_

That the residential or business address is: _2616 Lady Grove Rd, Mitchellvil, MD 20721_

That a **copy** of the Initial Order, Complaint and Summons was mailed by the affiant to the above

named defendant _Gallaudet University_ by registered certified mail.

That the return receipt attached hereto was signed by _____, the

defendant herein or _____ a person of suitable age and discretion residing therein

at the Defendant's usual place of abode, and the said receipt shows the date of delivery as the _____ day

of _____ 20_____.

If return receipt does not purport to be signed by the parties named in the Summons, then state specific
facts from which the Court's can determine that the person who signed the receipt meets the appropriate
qualifications for receipt of process as required by SCR (Civil) 4 (e) (2) and 4 (e) (3).

**SPECIFIC FACTS:**

_____
Signature

Subscribed and sworn before me this _____ day of _____ OCT 1 7 2019

Notary Deputy Clerk

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gallaudet University
Christina Shen-Austin
800 Florida Ave. NE
Washington, DC 20002
3695

9590 9402 4924 9032 1552 35

2. Article Number *(Transfer from service label)*

7019 0700 0001 6238 9616

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☑ Agent
                    ☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ ─red Mail Restricted Delivery
   ─r $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 4924 9032 1552 35

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Anibelka Henriquez Sturm
2616 Lady Grove Rd
Mitchellville, MD 20721

Filed
D.C. Superior Court
10/22/2019 12:43PM
Clerk of the Court

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

ANIBELKA HENRIQUEZ SQUIRES          :
                                    :
        Plaintiff,                  :
                                    :          Civil Action No: 2019CA006410B
v.                                  :          Judge Lopez
                                    :          Next Event: Initial Conference
GALLAUDET UNIVERSITY                :          Friday, January 10, 2020
                                    :
        Defendant.                  :

### DEFENDANT GALLAUDET UNIVERSITY'S
### MOTION TO DISMISS THE COMPLAINT

COMES NOW Defendant Gallaudet University by and through counsel, Bonner Kiernan

Trebach & Crociata, LLP, and pursuant to Super. Ct. Civ. R. 12(b)(6) moves to dismiss the

Complaint on the grounds that Plaintiff fails to state a claim upon which relief can be granted.

In support of the relief herein requested, Defendant Gallaudet University refers the Court

to the supporting Memorandum of Points and Authorities, which is incorporated herein by

reference.

WHEREFORE, Defendant Gallaudet University respectfully requests entry of an Order

dismissing Plaintiff's Complaint.

DATED this 21st day of October, 2019

                    BONNER KIERNAN TREBACH & CROCIATA, LLP


                    /s/ Christopher E. Hassell, Esq.
                    Christopher E. Hassell, Esq. (#291641)
                    1233 20th Street, N.W. 8th Floor
                    Washington, D.C. 20036
                    Tel: (202) 712-7000
                    Fax: (202) 712-7100
                    Chassell@bonnerkiernan.com
                    *Counsel for Defendant Gallaudet University*

1

## CERTIFICATION PURSUANT TO SUPER. CT. CIV. R. 12-I

Pursuant to Super. Ct. Civ. R. 12-I, I certify that I sought consent to the relief herein requested from the Plaintiff, through her counsel, and consent was not given.

/s/ Christopher E. Hassell, Esq.
Christopher E. Hassell, Esq. (#291641)

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on this <u>21st</u> day of October, 2019, I caused a copy of the foregoing to be

served on the following *via* the Court's electronic filing system:

Anibelka Henriquez Squires
2616 Lady Grove Road
Mitchellville, MD 20721

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

<u>/s/ Christopher E. Hassell, Esq.</u>
Christopher E. Hassell, Esq. (#291641)
1233 20th Street, N.W. 8th Floor
Washington, D.C. 20036
Tel: (202) 712-7000
Fax: (202) 712-7100
Chassell@bonnerkiernan.com
***Counsel for Defendant Gallaudet University***

3

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

ANIBELKA HENRIQUEZ SQUIRES          :
                                    :
        Plaintiff,                  :
                                    :        Civil Action No: 2019CA006410B
v.                                  :        Judge Lopez
                                    :        Next Event: Initial Conference
GALLAUDET UNIVERSITY                :        Friday, January 10, 2020
                                    :
        Defendant.                  :

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT GALLAUDET UNIVERSITY'S
MOTION TO DISMISS THE COMPLAINT

COMES NOW Defendant Gallaudet University, by and through counsel, Bonner Kiernan

Trebach & Crociata, LLP, and pursuant to Super. Ct. Civ. R. 12(b)(6) submits the following

Memorandum of Points and Authorities in Support of its Motion to Dismiss the Complaint.

I.      FACTUAL BACKGROUND

        Plaintiff Anibelka Henriquez Squires has filed a Complaint "for discrimination and

retaliation."  She alleges her rights under the D.C. Human Rights Act were violated when she

was subjected to a hostile work environment; accused of "medical abuse" when she was

requested to supply a doctor's note for time off due to medical conditions; not supplied with

4

reasonable accommodations; and later terminated. [*See* Complaint at p. 2]. Plaintiff seeks "back pay and back benefits, compensatory damages, record correction, and attorney fees." [Id.].

## II.   ARGUMENT

### A.  Plaintiff does not state a claim upon which relief can be granted.

D.C. Super. Ct. Civ. R. 12(b)(6) requires the Court to dismiss a claim if the plaintiff cannot prove a set of facts to support her claim which would entitle her to relief.[1]  In other words, a Complaint must contain factual allegations that if true, would "state a claim to relief that is plausible on its face." *Poola v. Howard Univ.*, 147 A. 3d 267, 276 (D.C. 2016); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007). Therefore, a Complaint must be dismissed if it only contains "naked assertions" that do not provide the court with a means of drawing a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Plaintiff's Complaint alleges that Defendant, her former employer, discriminated and retaliated against her because of her race, hearing disability, and protected activity. [*See* Complaint at p. 2]. To establish a case of racial discrimination by an employer, a plaintiff, under the McDonnell Douglas formula, must first make out a prima facie case which raises a "rebuttable presumption" of discrimination. *Kumar v. D.C. Water & Sewer Auth.*, 25 A.3d 9, 17 (D.C. 2011); *Arthur Young & Co. v. Sutherland*, 631 A.2d 354, 361 (D.C. 1993). A plaintiff must demonstrate that: "(1) [s]he is a member of a protected class; (2) [s]he suffered an adverse employment action; and (3) the circumstances give rise to an inference of discrimination." *Kumar*, 25 A.3d at 17. In

---

[1] In some cases, e.g. in suits by indigent prisoners seeking redress against alleged denials of the constitutional rights, *pro se* plaintiffs have been held to less stringent pleading standards than other litigants. However, the D.C. Court of Appeals has never held this would apply to a Rule 12(b)(6) motion in an employment case. Indeed, in *Abell v. Wang*, 697 A.2d 796, 804 (D.C. 1997) the Court of Appeals noted that "[a]lthough plaintiff has the right to proceed *pro se*, such a litigant can expect no special treatment from the court.").

order to establish a prima facie case of disability discrimination under the D.C. Human Rights Act, a plaintiff must establish that: (1) she has a disability, (2) for which a reasonable accommodations taken by the defendant could have been made. *Wallace v. Eckert*, 57 A.3d 943, 953 (D.C. 2012); *Grant v. May Dep't Stores Co.*, 786 A.2d 580, 583 (D.C. 2001). Additionally, if the plaintiff is claiming that no reasonable accommodation was made then it is fundamental that the plaintiff show she "requested an accommodation which the defendant-employer has denied." *Waggel v. George Wash. Univ.*, 2018 U.S. Dist. LEXIS 191702, at *17 (D.C. Cir. Nov. 9, 2018) (quoting *Flemmings v. Howard Univ.*, 198 F.3d 857, 861 (D.C. Cir. 1999)). To establish a prima facie case of retaliation a plaintiff must show that, (1) she was engaged in a protected activity; (2) an adverse action was taken against her; and (3) a causal connection existed between the two. *Millstein v. Henske*, 722 A.2d 850, 853 (D.C. 1999); *Howard Univ. v. Green*, 652 A.2d 41, 45 (D.C. 1994).

Racial discrimination and retaliation claims are similar in that the plaintiff must prove some sort of connection between the protected class/activity and the adverse action. In a discrimination claim, an inference of discrimination is shown when individuals who were not members of plaintiff's protected class, and who had similar jobs to the plaintiff, had not been subjected to the same adverse employment action. *Little v. D.C. Water & Sewer Auth.*, 91 A.3d 1020, 1027-28 (D.C. 2014); *McFarland v. George Washington Univ.*, 935 A.2d 337, 352 (D.C. 2007). The causal connection element in a retaliation claim is established by showing that the respondent had knowledge of the protected activity and that adverse action took place shortly thereafter, directly related to the protected activity. *Arthur Young & Co.*, 631 A.2d at 368.

In this case, Plaintiff's racial discrimination claim fails because she does not set forth in the Complaint any facts that would permit a reasonable inference of discrimination. Plaintiff not

6

only fails to allege that the hostile work environment was due to her Latina race, but also does not present any facts that would support such an inference. *See D.C. Dep't of Pub. Works v. D.C. Office of Human Rights*, 195 A.3d 483, 500 (D.C. 2018) (explaining that one of the key elements in a hostile work environment claim is that the "harassment was based on membership in the protected class"). Furthermore, she fails to allege any facts that would demonstrate that the hostile work environment was "severe and pervasive enough to affect a term, condition, or privilege of [her] employment." *Id.* Nor does Plaintiff set forth any facts that would support a reasonable inference that her termination was due to her race. Therefore, Plaintiff's Complaint merely makes a "naked assertion" that the hostile work environment and her termination were due to her race. Since the Complaint contains only this conclusory allegation, the Court cannot draw a connection between the assertion of discrimination and Defendant's liability for the alleged misconduct. Plaintiff has, thus, failed to state plausible relief for racial discrimination.

Plaintiff's claim of disability discrimination also should be dismissed because Plaintiff has not provided a set of facts to support her claim. Nowhere within Plaintiff's Complaint does she state what if any accommodation she requested, nor does it allege that Defendant had notice that Plaintiff wanted or needed a reasonable accommodation for her hearing disability. Plaintiff's Complaint also does not provide allegations of a reasonable and possible accommodation that Defendant could have made. Further, the Complaint does not specifically state how or when she was denied an accommodation. The Complaint's lone reference to a reasonable accommodation is that "prior attorney struggled to secure an interpreter and when he was unable, I was terminated." [*See* Complaint at p. 2]. Since the Complaint simply states that a reasonable

7

accommodation was not provided without connecting it to an act of the Defendant, Plaintiff's conclusory claim to relief is not plausible on its face and must be dismissed.

As for Plaintiff's retaliation claim, the Complaint fails to allege what protected activity, if any, she was engaged in that caused adverse action to be taken against her. Plaintiff suggests she was treated unfairly and later terminated, but fails to allege how it was the result of a protected activity. Furthermore, not only has Plaintiff failed to allege what protected activity she engaged in, but her Complaint also fails to show: (1) that Defendant had knowledge of the protected activity, and (2) that thereafter she was fired because of her protected activity. Thus, without providing the details required for a valid retaliation claim, Plaintiff has merely asserted a conclusory allegation of retaliation that does not include enough facts to state a plausible claim on its face.

As shown above, Plaintiff's Complaint is full of naked or conclusory assertions that she was discriminated against merely because she is Latina and hard of hearing and was also later retaliated against, while providing no facts as to how these traits were connected to the alleged acts of discrimination or what caused the retaliation. These are the exact types of "naked assertions" that the Supreme Court referenced in *Twombly* and *Iqbal*, and cannot form the basis of a viable claim to relief. Since Plaintiff did not provide any sort of plausible connection between Defendant's actions and her race, disability, or protected activity her claim is insufficient. Therefore, because the claim does not plead factual content that allows the Court to

draw a reasonable inference that the Defendant is liable for the alleged misconduct, the Complaint must be dismissed.

III.   **CONCLUSION**

Plaintiff fails to allege a sufficient factual basis to assert a discrimination and/or a retaliation claim.  Therefore, Plaintiff's Complaint must be dismissed with prejudice.

WHEREFORE, Defendant Gallaudet University respectfully requests entry of an Order dismissing the Complaint with prejudice.

DATED this 21st day of October, 2019

BONNER KIERNAN TREBACH & CROCIATA, LLP

Christopher E. Hassell, Esq.
Christopher E. Hassell, Esq. (#291641)
1233 20th Street, N.W. 8th Floor
Washington, D.C. 20036
Tel: (202) 712-7000
Fax: (202) 712-7100
*Attorney for Defendants Gallaudet University*

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

ANIBELKA HENRIQUEZ SQUIRES                  :
                                            :
       Plaintiff,                           :
                                            :
                                            :   Civil Action No: 2019CA006410B
v.                                          :   Judge Lopez
                                            :   Next Event: Initial Conference
GALLAUDET UNIVERSITY                        :   Friday, January 10, 2020
                                            :
       Defendant.                           :

ORDER OF DEFENDANT GALLAUDET UNIVERSITY'S
MOTION TO DISMISS THE COMPLAINT

Upon Consideration of Defendant Gallaudet University's Motion to Dismiss the

Complaint, any opposition filed thereto, and the record herein, it is by this Court, on this _____

day of _____, 2019 hereby,

       ORDERED, that the motion shall be and is hereby GRANTED, and it is further,

       ORDERED, that the Complaint be, and is hereby, DISMISSED WITH PREJUDICE.


                                   _____
                                   The Honorable Jose M. Lopez
                                   Superior Court for the District of Columbia

Copies to:
Anibelka Jenriquez Squires
2616 Lady Grove Road
Mitchellville, MD 20721
*Plaintiff*

Christopher E. Hassell, Esquire
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W. 8th Floor
Washington, D.C. 20036

10

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Anibelka Henriquez Squires
2616 Lady Grove Rd
Mitchellville, MD 20721
                                    *Plaintiff*

FILED
CIVIL ACTIONS BRANCH
NOV 18 2019
Superior Court
of the District of Columbia
Washington, D.C.

*vs.*

CIVIL ACTION No. 2019-CA 006410
B

Gallaudet University.
800 Florida Ave N.E
Washington, DC   *Defendants*
20002-3695              Amended
                         **COMPLAINT**
Attn: Christina Shen-Austin

1. **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

Refer to attachments (6).

**Wherefore, Plaintiff demands judgement against Defendant in the sum of $** See attachment
**with interest and costs.**
                                    (240) 241-7071 VP
                                    **Phone:**

**DISTRICT OF COLUMBIA, SS**

Anibelka Henriquez Squires **, being first duly sworn on oath deposes and says that the**
**foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all**
**set-off and just grounds of defense.**

                                    (Plaintiff)                    Agent)

**Subscribed and sworn to before me this** 18 **day of** November **20** 19 .

                                    (Notary Public/Deputy Clerk)

FORM CV-1013/ Nov. 00

Anibelka Henriquez Squires
    Plaintiff

    v.

Gallaudet University
    Defendant

Case No.: 2019-CA-0006140

I am filing a second complaint as I received notice from U.S. Equal Employment Opportunity Commission on the right to sue Gallaudet University for discrimination (race), retaliation, disability (medical and not Deaf enough), and wrongful termination.

When I was transferred to Academic Advising department in November 2016, I had a dual role: (1) Academic-Career Advisor; and (2) Gallaudet Staff Council Chair which is one of the three shared government organizations reporting to the university president. I represented all staff, included the university leadership team as all decisions considered, approved, and implemented impacted all staff campus wide.

In my 14-year tenure with the university, this is the first time I was reprimanded repetitive for doing my duties, responsibilities and good deeds to all stakeholders of Gallaudet University. My work performance was never impacted and I received confirmation of this time over time. I am the only professional Latina who is fluent in Spanish, English and American Sign Language (ASL) with leadership potential and strong institutional knowledge. I am considered a high performance and talent employee who is also the face of Gallaudet University (as an Admissions Counselor for west region where I created national network and put the university on the map for 7 recruitment cycles).

The series of retaliation on character and personality attacks started when I emailed the university president concerning a social justice opportunity to co-present with the Vice President of Equity, Diversity and Inclusion (VPEDI) in my role as Gallaudet Staff Counselor Chair (shared government who reports to the university president). My former supervisor, Ms. Kathleen O'Brien used the annually performance objectives evaluation (MBO) and selected "attitude" under the interpersonal skills and commitment section. During the annual performance objectives meeting with the presence of Gallaudet University Equal Employment Opportunity director, she mentioned the reason for attitude had to do with the email I sent to the university president where I shared my concern of ongoing opportunities being denied to me under Ms. Kathleen O'Brien's supervision. Preventing me from professional and personal growth as the only Deaf Person of Color (the only Latina advisor) with interpersonal skills, leadership, high articulation ability and strong institutional knowledge. When I appealed the MBO, she listed department learning functions as a new academic career advisor with less than 10 months on the job. The department has no manual or department guidance on how to perform my duties as a academic-career advisor. Training was done once in American Sign Language (ASL) without written instructions to refer to and apply skills. When I had questions related to the content, she always responded with, "Let me ask Thelma." When I had questions related to office functions in general, the majority of the time, she responded, "ask the other advisors." Ms. Kathleen O'Brien had already set me to fail when she asked all advisors to give her at least 30 "red-

flagged" advisees to her so she can assign them all to me. Those where advisees who were having academic issues/challenges, lack of attendance record and not responsive to communication pieces.

Ms. Kathleen O'Brien set up 10 out of 12 months blackout dates in one academic year. This is unheard of or unrealistic according to my original attorneys. During those blackout dates, I was demanded to work until she would release us. There were times when she demanded the department advisors to work from 8:00 a.m. to 8:00 p.m. without serving dinner and expected us to report to work the following day at 8:00 a.m. Due to my medical treatment plan, I was out of the office on sick leave an average of 2-3x a month. Ms. Kathleen O'Brien accused me of abusing the sick leave knowing at the time, I had around 300 sick leave hours. She reprimanded me and requested me to submit a doctor note or medical excuse for every isolated sick leave moving forward. I was also mentally, physically, emotionally and psychologically exhausted from the ongoing retaliation, bully and harassment, especially with her being in a position of power (director) and privileged (White) to destroy my heart and soul that I poured into Gallaudet University for 13 years at the time. All for doing my job. In January 2017, I emotionally and physically broke down from the hostile environment she created. I visited my doctor and was granted FMLA for 6 weeks, then another 2 weeks. When I returned to work, the character and personality attacks continued where she was demanding me to "befriend her", behave in specific way, make specific requests and silent me in any way possible. One example is, she would arrive to work every morning, passing all advisors' office and straight to mine. In front of my office, she would "rub her face" on me by making large gestures to get my attention. When I asked the other advisors if she greeted them, they said "no".

Ms. Kathleen O'Brien developed a serious obsession with my whereabout, greetings demand, work requests and misinterpreted all of my feedbacks, suggestions, recommendations and innovation ideas as problematic, unprofessional, disrespectful and not a team player after I returned from FMLA. She had gas lighten me in believing I was the problem and something was wrong with me. Ms. Kathleen O'Brien would make daily or regular comments to her supervisor where it was shared with the associate provost and the university president as she portrayed me as problematic.

I exhausted all of the university resources:

- Equal Employment Opportunity at Gallaudet University (not very responsive);
- requested a meeting with the university president which was denied;
- met with the university OMBUDS;
- ongoing communication and meetings with Human Resources Management director;
- reached out to Vice President of Equity, Diversity and Inclusion (all ignored & no check-in)
- met with the associate provost (Kathleen O'Brien's second boss)
- included Ms. Thelma Schroeder (Kathleen O'Brien's direct supervisor, they are good friends who later turned against me too)
- requested a transfer out of the Academic Advising Department
- requested LWOP for months to heal and apply for other positions on campus

-   requested a transfer to Clerc Center which is adjacent to Gallaudet, on campus K-12
    programs)

When I was mentally, emotionally, physically and psychologically abused and could no longer
tolerate the hostile environment, I just wanted to give up. I was not of privileged. The department
is contained of "Deaf of Deaf" and white privileged. I was the only Latina in the department as
an advisor serving undeclared major advisees. I am considered Hard-of-Hearing who has access
to auditory, articulation skills and could accommodate all audience whether they were Deaf, oral,
Hard of Hearing, international, and of Spoken Spanish.

The settlement agreement was given to me in the afternoon of August 17, 2018 when they were
expecting me to physically leave the university. There were not sufficient time for me to review
the draft, discuss it with my attorney firm and understand the language terms along with the fine
prints. Within the 7-day time frame, I revoked the settlement as more language and demands
were added to the agreement (which were never discussed prior). When I reached my attorney to
revoke the settlement draft, Gallaudet University gave me three options and I was not able to
return to the office until notice:

1.  the agreement as drafted
2.  the reprimanded stay in your file but you can apply for other positions at Gallaudet
3.  return to your position in Academic Advising and try to get along with Ms. O'Brien and
    Ms. Schroeder

When I opted for number 3 to return to my position, the university said they did not want me
back. Instead, they demoted Ms. O'Brien to my position leaving all advisors white serving a
large diverse pool of undeclared major undergraduate students. This is discrimination.

Ms. Schroeder terminated my employment with the university for declining to accept Gallaudet's
proposal for a separation agreement, on October 2, 2018. This is done in retaliation for engaging
in a protected activity by filling a complaint and seeking redress of my grievances with Gallaudet
University. My attorney stated my next step was to sue the university for wrongful termination.

I have documented all meetings, saved important documents and recorded ongoing activities tied
to discrimination, retaliation, harassment, bully and retaliation- all leading to wrongful
termination. I have enclosed the original attorney letter to Gallaudet University from Mr.
Gregory P. Currey dated February 28, 2018 (Exhibit A) and the termination letter from Ms.
Schroeder dated October 2, 2018 (Exhibit B). I am willing to submit other documentation for
your consideration before the court date.

I am seeking all remedies available under D.C law, including reinstallation, back pay and back
benefits, compensatory damages, record correction, and attorney fees.

Sincerely,

_Anibelka_ _Squires_  11/17/19

Anibelka Henriquez Squires

*Exhibit A*



**Wright, Constable & Skeen, L.L.P.** | Attorneys at Law

7 Saint Paul Street, 18ᵗʰ Floor · Baltimore, Maryland 21202 · Phone: 410-659-1300 · Toll Free: 1-888-894-7602 · Fax: 410-659-1350

GREGORY P. CURREY, ESQ.*
Writer's Direct Dial / Email:
(410) 659-1354 / GCurrey@wcslaw.com

February 28, 2018

**VIA EMAIL AND FIRST-CLASS MAIL**

Christina Shen-Austin
Director, Human Resources Services
800 Florida Avenue NE
Main HRS Office
College Hall, Room 106
Washington, DC 20002

    **Re:   Anibelka Henriquez Squires**

Dear Ms. Shen-Austin:

    This law firm represents Anibelka Henriquez Squires. We are writing to address violations of the District of Columbia's Accrued Sick and Safe Leave Act and Section 7 of the National Labor Relations Act and the effect that these violations are having on Ms. Henriquez Squires' overall health and ability to perform her job duties. It is our hope that these issues can be quickly resolved. Ms. Henriquez Squires has been a longtime employee of Gallaudet and is dedicated to its mission and cause. Ms. Henriquez Squires' dedication is exemplified by her service as Chair of the Gallaudet Staff Council ("GSC").

    As a preface, Ms. Henriquez Squires' believes that the actions set forth herein are isolated incidents related to one supervisor. Ms. Henriquez Squires has requested a transfer to a vacant position in another department and interviewed for a position in another division. We believe the issues presented herein would be readily resolved if (1) any disciplinary memoranda or other documentation placed in Ms. Henriquez Squires' personnel file, including but not limited to any human resources or department file, by Ms. O'Brien be removed and (2) Gallaudet takes all permissible actions to facilitate a transfer to an acceptable vacant position.

    On November 22, 2016, Ms. Henriquez Squires transferred to the Academic Advising Department as an Academic/Career Advisor. Her initial caseload was generated with a majority of "red-flagged advisees," making success in her role difficult from the start. Moreover, Ms. Henriquez Squires' participation in the GSC was not supported by her supervisor, Kathleen O'Brien. This manifested itself through rigid application of scheduling rules and an unwillingness to make accommodations to allow Ms. Henriquez Squires to participate in GSC functions that did not otherwise impact her performance. On May 19, 2017, Ms. O'Brien arranged a meeting with Human Resources, the President's Chief of Staff and Ms. Henriquez Squires where she requested a written agreement that Academic Advising has priority over GSC. Over time, Ms. O'Brien's animosity towards Ms. Henriquez Squires' participation with GSC

        *Admitted in Maryland*

*Exhibit A*

February 28, 2018
Page 2

appears to have crossed the line from a mere workplace disagreement to legal violations. As her most recent evaluation reflects, Ms. O'Brien has no cause to object to Ms. Henriquez Squires' performance in her role as an Academic/Career Advisor. Instead, Ms. O'Brien has attempted to restrict Ms. Henriquez Squires' participation in the GSC and enforce department policies and procedures related to the use of sick leave in violation of applicable law. Most notably, Ms. O'Brien's correspondence dated January 22, 2018 is a clear violation of DC and federal law.

First, Ms. O'Brien's correspondence is retaliation against Ms. Henriquez Squires for the use of paid sick leave in violation of the DC Accrued Sick and Safe Leave Act, DC ST § 32-531.08, which prohibits retaliation against employees who assert their rights to receive paid sick leave. Ms. O'Brien has created blackout dates in which employees are prohibited from taking sick leave, which is not permitted by the law. Ms. O'Brien has issued formal discipline to Ms. Henriquez Squires for taking covered leave on "blackout" dates and is now further retaliating against Ms. Henriquez Squires for taking isolated days off on non-"blackout" dates by requiring that she provide written documentation for every absence. Neither taking sick leave on "blackout" dates nor taking 10 days in a period of 6 months is sufficient under DC law to constitute "abuse or misuse" of sick leave such that Ms. O'Brien would be permitted to require documentation for these absences.

Second, Ms. O'Brien's conduct is designed to interfere with Ms. Henriquez Squires' participation in protected conduct under Section 7 of the National Labor Relations Act. The GSC's duties clearly involve protected conduct. Further, by Ms. O'Brien's own admission, Ms. Henriquez Squires' participation in the GSC has not negatively impacted Ms. Henriquez Squires' ability to perform her job duties. Instead, Ms. O'Brien's complaints are related to her ability to control and direct Ms. Henriquez Squires at all times. Her efforts to impede Ms. Henriquez Squires' participation in the GSC by implementing overly broad department policies and engaging in personal disputes with Ms. Henriquez Squires are a violation of Section 8 of the National Labor Relations Act.

These ongoing disputes with Ms. O'Brien have created mental health issues that have forced Ms. Henriquez Squires' to take leave under the Family and Medical Leave Act. This leave was certified by Gallaudet and yet a job posting for Ms. Henriquez Squires' position is now online, calling into question whether Ms. O'Brien intends to interfere with Ms. Henriquez Squires' FMLA rights and engage in further violations of the above laws.

Please give me a call at your earliest convenience so that we can discuss an amicable resolution to this issue.

Very truly yours,

Gregory P. Currey

cc:     Stephen Kaufman, Esq.
        Anibelka Henriquez Squires

{00366002v. (15929.00001)}

Exhibit B



# GALLAUDET
U N I V E R S I T Y

Academic and Career Success

October 2, 2018

Ms. Anibelka Henriquez Squires
8603 Savannah River Road
Laurel, MD 20724

Dear Ms. Henriquez Squires:

Since you have declined to accept Gallaudet's proposal for a separation agreement, we are terminating your employment effective Tuesday, October 2, 2018.  Your last day in the office was on Thursday, August 16, 2018.  However, you requested time off on Friday, August 17, 2018 using your sick leave.  As of Friday, August 17, 2018, your annual leave balance was 184.5 hours.  We have applied your annual leave from Monday, August 20, 2018 through Friday, September 21, 2018.  Please note that you had a balance of 0.5 hour of Annual Leave after Thursday, September 20, 2018.  In order to ensure you are paid for the whole day on Friday, September 21, 2018, we applied 7.5 hours of administrative leave.  You were placed on leave without pay, beginning on Monday, September 24, 2018 through Tuesday, October 2, 2018.

You are eligible to enroll to the Temporary Continuation of Coverage (TCC) under the Federal Employees Health Benefits Program.  Please send an email to benefits@gallaudet.edu to discuss this option as well as the disposition of your other benefits.

Sincerely,

Thelma I. Schroeder
Associate Dean
Academic and Career Success

Cc: Dr. Thomas Horejes, Associate Provost, Student Success and Academic Quality
Dr. Carol J. Erting, Provost, Academic Affairs
Ms. Christina Shen-Austin, Executive Director, Human Resources Services
Ms. Sharrell McCaskill, Director, Equal Opportunity Programs
Departmental file

Filed
D.C. Superior Court
12/11/2019 17:52PM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| **ANIBELKA HENRIQUEZ SQUIRES** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | **Civil Action No: 2019CA006410B** |
| **v.** | : | **Judge Lopez** |
| | : | **Next Event: Initial Conference** |
| **GALLAUDET UNIVERSITY** | : | **Friday, January 10, 2020** |
| | : | |
| ......**Defendant.**...................................... | : | |

### DEFENDANT'S MOTION TO STRIKE THE AMENDED COMPLAINT

Defendant Gallaudet University (hereinafter "Defendant") by and through counsel,

Bonner Kiernan Trebach & Crociata, LLP, and pursuant to Super. Ct. Civ. R. 15, hereby moves

to Strike Plaintiff's Amended Complaint, and, in support thereof, states:

1. Plaintiff Anibelka Henriquez Squires (hereinafter "Plaintiff") filed her Complaint for

Employment Discrimination on September 30, 2019. Defendant then filed their Rule 12(b)(6)

Motion to Dismiss on October 22, 2019.

2. Twenty-seven days later, on November 18, 2019, Plaintiff filed her Amended Complaint.

3. Super Ct. Civ. R. 15(a)(1) provides that, "[a] party may amend its pleading once as a

matter of course within: (A) 21 days after serving it; or (B) if the pleading is one to which a

responsive pleading is required, 21 days after service of a responsive pleading or 21 days after

service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

1

4. Plaintiff filed her Amended Complaint in response to Defendant's October 22, 2019 Rule 12(b)(6) Motion to Dismiss, her Amended Complaint is therefore untimely because she could only amend 21 days after service of that motion. In this case, Plaintiff had until November 11, 2019 to file her Amended Complaint, but she instead filed it too late on November 18, 2019.

5. Furthermore, Super Ct. Civ. R. 15(a) provides that if a party does not amend within the proper time period then they need to file a motion seeking the Court's leave to file the amended pleading. Here, Plaintiff did not seek the proper leave of this Court.

6. Therefore, Plaintiff has failed to file her Amended Complaint in compliance with the relevant rules of this Court.

WHEREORE, for the foregoing reasons, Defendant asks this Honorable Court to strike Plaintiff's November 18, 2019 Amended Complaint.

DATED: December 11, 2019

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

/s/ Christopher E. Hassell, Esq.
Christopher E. Hassell, Esq. (#291641)
1233 20th Street, N.W. 8th Floor
Washington, D.C. 20036
Tel: (202) 712-7000
Fax: (202) 712-7100
Chassell@bonnerkiernan.com
***Counsel for Defendant Gallaudet University***

**CERTIFICATION PURSUANT TO SUPER. CT. CIV. R. 12-I**

Pursuant to Super. Ct. Civ. R. 12-I, I certify that I sought consent from Plaintiff for the relief requested by this Motion.  Plaintiff failed to respond to the request.


/s/ Christopher E. Hassell, Esq.
Christopher E. Hassell, Esq. (#291641)


**CERTIFICATE OF SERVICE**

I certify that on this 11th day of December, 2019, I caused a copy of the foregoing to be served on the following *via* the Court's electronic filing system:

Anibelka Henriquez Squires
2616 Lady Grove Road
Mitchellville, MD 20721
Tel:  (240) 241-7071

**BONNER KIERNAN TREBACH & CROCIATA, LLP**


/s/ Christopher E. Hassell, Esq.
Christopher E. Hassell, Esq. (#291641)
1233 20th Street, N.W. 8th Floor
Washington, D.C. 20036
Tel: (202) 712-7000
Fax: (202) 712-7100
Chassell@bonnerkiernan.com
**Counsel for Defendant Gallaudet University**

3

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| ANIBELKA HENRIQUEZ SQUIRES | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No: 2019CA006410B |
| v. | : | Judge Lopez |
| | : | Next Event: Initial Conference |
| GALLAUDET UNIVERSITY | : | Friday, January 10, 2020 |
| | : | |
| Defendant. | : | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE THE AMENDED COMPLAINT

Defendant Gallaudet University (hereinafter "Defendant") by and through counsel,

Bonner Kiernan Trebach & Crociata, LLP, hereby submits the following Memorandum of Points

and Authorities is Support of its Motion to Strike::

1.  Super. Ct. Civ. R. 15(a).

DATED:  December 11, 2019          Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

/s/ Christopher E. Hassell, Esq.
Christopher E. Hassell, Esq. (#291641)
1233 20th Street, N.W. 8th Floor
Washington, D.C. 20036
Tel: (202) 712-7000
Fax: (202) 712-7100
Chassell@bonnerkiernan.com
***Counsel for Defendant Gallaudet University***

4

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

ANIBELKA HENRIQUEZ SQUIRES    :
                 :
   Plaintiff,        :
                 :  **Civil Action No: 2019CA006410B**
v.              :  **Judge Lopez**
                 :  **Next Event: Initial Conference**
**GALLAUDET UNIVERSITY**    :  **Friday, January 10, 2020**
                 :
   **Defendant.**         :

## ORDER

UPON CONSIDERATION of Defendant's Motion to Strike Plaintiff's Amended

Complaint, any opposition thereto, and the entire record in this matter, it is on this ___ day of

_____, 2019, hereby

ORDERED that Defendant's Motion to Strike Plaintiff's Amended Complaint is

GRANTED; and it is hereby

ORDERED that Plaintiff's Amended Complaint is struck from the record.


         _____
         Honorable Jose M. Lopez

Copies to:

Anibelka Henriquez Squires
2616 Lady Grove Road
Mitchellville, MD 20721
Tel:  (240) 241-7071


Christopher E. Hassell, Esq. (#291641)
1233 20th Street, N.W. 8th Floor
Washington, D.C. 20036

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**FILED**
CIVIL ACTIONS BRANCH
DEC 2019
Superior Court
the District of Columbia
Washington DC

_Anibelka Henriquez Squires_
        Plaintiff

      2019
Civil Action No.: CA 006410 B

Vs.

_Gallaudet University_
        Defendant

## AFFIDAVIT OF SERVICE BY CERTIFIED/REGISTERED MAIL

I, _Anibelka Henriquez Squires_ under oath do hereby state the following:
That my age and date of birth are as follows: _44/ 04-26-1975_

That the residential or business address is: _2616 Lady Grove Rd, Mitchellville, MD 2072_

That a **copy** of the Initial Order, Complaint and Summons was mailed by the affiant to the above named defendant _Gallaudet University_ by registered/certified mail.

That the return receipt attached hereto was signed by _A. Fernandez_, the

defendant herein or _____ . a person of suitable age and discretion residing therein

at the Defendant's usual place of abode, and the said receipt shows the date of delivery as the _29_ day

of _Nov._ 20 _19_ .

If return receipt does not purport to be signed by the parties named in the Summons, then state specific facts from which the Court's can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process as required by SCR (Civil) 4 (e) (2) and 4 (c) (3).

**SPECIFIC FACTS:**

Subscribed and sworn before me this _____ day of _____

Notary/Deputy Clerk

USPS Tracking Intranet

Page 1 of 1

## Product Tracking & Reporting

| Home | Search | Reports | Manual Entry | Rates/ Commitments | PTR / EDW | USPS Corporate Accounts |
|------|--------|---------|--------------|--------------------|-----------|--------------------------|

December 11, 2019

Help

UNITED STATES POSTAL SERVICE

USPS Tracking Intranet

**Delivery Signature and Address**

Tracking Number: 7019 2280 0001 0288 9515

This item was delivered on 11/29/2019 at 11:38:00

< Return to Tracking Number View

| Signature |  |
|-----------|----------------------|
| Address |  |

Enter up to 35 items separated by commas.

Select Search Type: Quick Search ▽    Submit

Product Tracking & Reporting, All Rights Reserved
Version: 20.1.1.0.5

## THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

**January 13, 2020**

CASE NAME:     ANIBELKA HENRIQUEZ SQUIRES Vs. GALLAUDET UNIVERSITY

CASE NO.     2019 CA 006410 B

The above-captioned Civil Actions case has been scheduled for Scheduling Conference Hearing on the date and time shown below.   The attorneys and any party not represented by an attorney must appear before Judge JOSE M LOPEZ.

**HEARING DATE: Friday, February 07, 2020**
**TIME: 9:30 am**
**LOCATION:   500 Indiana Avenue N.W.**
              **Courtroom 212**
              **WASHINGTON, DC  20001**

## PLEASE BRING THIS NOTICE WITH YOU WHEN YOU APPEAR.

Civil Division



D. C. Superior Court
500 Indiana Avenue, N.W.
Room 5000-Q
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

Mr CHRISTOPHER HASSELL
BONNER, KIERNAN, TREBACH & CROCIATA, LLP
1233 20th Street NW, 8th Floor

WASHINGTON, DC 20006

2019 CA 006410 B

CANOH-1
1/13/2020

## THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

**January 13, 2020**

CASE NAME:    ANIBELKA HENRIQUEZ SQUIRES Vs. GALLAUDET UNIVERSITY

CASE NO.    2019 CA 006410 B

The above-captioned Civil Actions case has been scheduled for Scheduling Conference Hearing on the date and time shown below.   The attorneys and any party not represented by an attorney must appear before Judge JOSE M LOPEZ.

> **HEARING DATE: Friday, February 07, 2020**
> **TIME: 9:30 am**
> **LOCATION:  500 Indiana Avenue N.W.**
>               **Courtroom 212**
>               **WASHINGTON, DC  20001**

## PLEASE BRING THIS NOTICE WITH YOU WHEN YOU APPEAR.

Civil Division



D. C. Superior Court
500 Indiana Avenue, N.W.
Room 5000-Q
Washington D.C. 20001

| First Class Mail |
| U. S. Postage |
| Paid |
| Washington, D.C. |
| Permit No. 1726 |

ANIBELKA HENRIQUEZ SQUIRES
2616 Lady Grove Rd

BOWIE, MD 20721

2019 CA 006410 B

CANOH-1
1/13/2020

## THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

**January 13, 2020**

CASE NAME:   ANIBELKA HENRIQUEZ SQUIRES Vs. GALLAUDET UNIVERSITY

CASE NO.    2019 CA 006410 B

The above-captioned Civil Actions case has been scheduled for Scheduling Conference Hearing on the date and time shown below.   The attorneys and any party not represented by an attorney must appear before Judge JOSE M LOPEZ.

**HEARING DATE: Friday, February 07, 2020**
**TIME: 9:30 am**
**LOCATION:   500 Indiana Avenue N.W.**
         **Courtroom 212**
         **WASHINGTON, DC  20001**

## PLEASE BRING THIS NOTICE WITH YOU WHEN YOU APPEAR.

Civil Division



D. C. Superior Court
500 Indiana Avenue, N.W.
Room 5000-Q
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

Mr CHRISTOPHER HASSELL
BONNER, KIERNAN, TREBACH & CROCIATA, LLP
1233 20th Street NW, 8th Floor

WASHINGTON, DC 20006

2019 CA 006410 B

CANOH-1
1/13/2020

# THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

**January 13, 2020**

CASE NAME:   ANIBELKA HENRIQUEZ SQUIRES Vs. GALLAUDET UNIVERSITY

CASE NO.   2019 CA 006410 B

The above-captioned Civil Actions case has been scheduled for Scheduling Conference Hearing on the date and time shown below.   The attorneys and any party not represented by an attorney must appear before Judge JOSE M LOPEZ.

**HEARING DATE: Friday, February 07, 2020**
**TIME: 9:30 am**
**LOCATION:   500 Indiana Avenue N.W.**
**Courtroom 212**
**WASHINGTON, DC  20001**

## PLEASE BRING THIS NOTICE WITH YOU WHEN YOU APPEAR.

Civil Division



D. C. Superior Court
500 Indiana Avenue, N.W.
Room 5000-Q
Washington D.C. 20001

First Class Mail
U. S. Postage
Paid
Washington, D.C.
Permit No. 1726

ANIBELKA HENRIQUEZ SQUIRES
2616 Lady Grove Rd

BOWIE, MD 20721

2019 CA 006410 B

CANOH-1
1/13/2020

Filed
D.C. Superior Court
02/06/2020 17:06PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| ANIBELKA HENRIQUEZ SQUIRES, | : | |
| Plaintiff, | : | Case No.: 2019 CA 006410 B |
| v. | : | |
| GALLAUDET UNIVERSITY, | : | Judge José M. López |
| Defendant. | : | Civil Calendar 14 |

## **ORDER**

Upon consideration of Plaintiff's Consent Motion to Continue Scheduling Conference Hearing (the "Motion"), and for good cause shown, it is this 6th day of February, 2020, hereby

**ORDERED** that the Motion is **GRANTED**; and it is

**FURTHER ORDERED** that the Scheduling Conference scheduled for February 7, 2020 is continued to **March 20, 2020 at 9:30 am in Courtroom 212**.

José M. López, Judge
(Signed in Chambers)

**Copies via CaseFileXpress to:**

Paul Bennett
*Counsel for the Plaintiff*

Chris Hassell
*Counsel for the Defendant*

1

Filed
D.C. Superior Court
02/06/2020 11:54AM
Clerk of the Court

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

**CIVIL DIVISION**

ANIBELKA HENRIQUEZ SQUIRES,                    *

                                               *

     Plaintiff,                                *

v.                                             *

GALLAUDET UNIVERISTY                           *        Civil Action No.: 2019-CA-006410 B

     Defendant.                                *

\*        \*        \*        \*        \*        \*        \*        \*        \*        \*        \*        \*

## CONSENT MOTION TO CONTINUE SCHEDULING CONFERENCE HEARING

     Plaintiff, Anibelka Henriquez Squires, by and through her attorneys, Paul V. Bennett, and Bennett and Ellison, P.C., hereby files this Consent Motion to Continue Scheduling Conference Hearing, presently scheduled for February 7, 2020. In support of this Motion, Plaintiff states as follows:

     1.     On January 10, 2020, the Initial Scheduling Conference was held at 9:30 a.m. At the Conference, this Court continued the Scheduling Conference Hearing until February 7, 2020 at 9:30 a.m., to allow Plaintiff to obtain counsel.

     2.     Prior to January 29, 2020, Plaintiff proceeded *pro se* in this matter.

     3.     Defendant's Motion to Dismiss the Complaint and Motion to Strike the First Amended Complaint are currently pending before the Court.

     4.     Plaintiff has consulted with opposing counsel who consents to a continuance of the Scheduling Conference Hearing before this Court, in which Defendant's Motions are

pending, to allow Plaintiff adequate time to file a Motion for Leave to File Second Amended

Complaint.

     5.     Plaintiff has consulted with opposing counsel who also consents to Plaintiff filing

her forthcoming Motion for Leave to File Second Amended Complaint.

     6.     That the parties have conferred on availability and request a new hearing date of

March 20, 2020, or in the alternative, April 3, 2020.

     7.     The request for extension of the scheduled deadlines is sought in good faith and

such extensions will not prejudice either party to this litigation.

     WHEREFORE, the Plaintiff prays that:

A. The Motion to Continue Scheduling Conference Hearing be granted; and

B. For such other and further relief as the nature of her cause may require.


     Respectfully submitted,


        /s/
     _____
     Paul V. Bennett, Esq. (Bar No. 427358)
     Bennett & Ellison, P.C.
     2086 Generals Highway, Suite 201
     Annapolis, MD  21401
     Telephone: (410) 947-6000
     Fax: (410) 224-4590
     Email: pbennett@belawpc.com
     *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on this 5th day of February 2020, the foregoing Entry of Appearance served on the following via this Honorable Court's E-Filing system to:

Christopher E. Hassell, Esq. (#291641)
Bonner Kiernan Trebach & Crociata, LLP
1233 20th Street, N.W. 8th Floor
Washington, D.C. 20036
Tel: (202) 712-7000
Chassell@bonnerkiernan.com

*Attorney for Defendant*

_____/s/_____
Paul V. Bennett, Esq. (Bar No. 427358)

Filed
D.C. Superior Court
03/17/2020 15:41PM
Clerk of the Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

**Civil Division**

HENRIQUEZ SQUIRES, ANIBELKA,

Plaintiff,

v.

GALLAUDET UNIVERSITY,

Defendant.

Case No.: 2019 CA 006410 B

Judge José M. López
Civil Calendar 14

## SUA SPONTE ORDER

This matter is set for a Scheduling Conference on March 20, 2020. Given the Chief Judge's March 15, 2020, Administrative Order seeking to limit in-person Court appearances due to the global pandemic caused by COVID-19. The primary concern for the Court is to minimize all traffic in and out of the court, which includes court personnel. As such, the Court will only be conducting hearings to address true emergencies and will be continuing the aforementioned hearing to the date and time identified below. Accordingly, it is this 17th day of March 2020, hereby

**ORDERED**, *sua sponte*, that the Scheduling Conference set for March 20, 2020 is **CONTINUED** to June 4, 2020 at 9:30 a.m. in Courtroom 212.

**SO ORDERED.**

Judge José M. López
Superior Court of the District of Columbia

**Copies via CaseFileXpress to:**

Paul Bennett
*Counsel for the Plaintiff*

Chris Hassell
*Counsel for the Defendant*

1

Filed
D.C. Superior Court
04/23/2020 16:50PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

ANIBELKA HENRIQUEZ SQUIRES,     *

          *

    Plaintiff,       *

v.           *

GALLAUDET UNIVERISTY    *    Civil Action No.: 2019-CA-0006410

    Defendant.      *

*   *   *   *   *   *   *   *   *   *   *   *

### CONSENT MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Anibelka Henriquez Squires, by and through her attorneys, Paul V. Bennett, and Bennett and Ellison, P.C., pursuant to Superior Court Civil Rule 15, hereby submits her Consent Motion for Leave to File Second Amended Complaint. For cause, Plaintiff states as follows:

    1.    On September 30, 2019, Plaintiff filed *pro se* her Complaint in the Superior Court of the District of Columbia, against Defendant, Gallaudet University, for employment discrimination and retaliation. On October 22, 2019, Defendant filed a Motion to Dismiss the Complaint.

    2.    On November 18, 2019, Plaintiff filed a First Amended Complaint. On December 11, 2019, Defendant filed a Motion to Strike the Amended Complaint.

    3.    On January 10, 2020, the parties came before this Honorable Court for an Initial Scheduling Conference. On that date, the Court continued the matter until February 7, 2020 to allow Plaintiff to secure counsel and did not rule on Defendant's Motions.

3

4.      Because Plaintiff was *pro se* when she filed her complaint, she should now be given the opportunity, through counsel, to state additional causes of action and ensure all causes of action are sufficiently pled. *See Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978) ("What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action.")

5.      The exercise of a trial court's discretion on a motion to amend a pleading must be in conformance with D.C. Super. Ct. Civ. R. 15(a), which provides that a party may amend the party's pleading only by leave of court; and leave shall be freely given when justice so requires. *Howard Univ. v. Good Food Servs., Inc.*, 608 A.2d 116, 118 (D.C. 1992). Accordingly, the discretion accorded the trial court in deciding a motion for leave to amend is to be considered together with the prevailing spirit of liberalism in allowing such amendments when justice will be so served. *Id.* Although the decision is a matter of trial court discretion, there is a "virtual presumption" a court should grant leave to amend unless there is a good reason to the contrary. *Id.* The Supreme Court has added that leave to amend should be given freely "in the absence of any apparent or declared reason" for not permitting amendment. See *Epps v. Vogel*, 454 A.2d 320, 325 (D.C. 1982) (citing *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)).

6.      Denial of leave to amend is an abuse of discretion absent a sufficiently compelling reason, such as "undue delay, bad faith or dilatory motive ... repeated failure to cure deficiencies by [previous] amendments ... [or] futility of amendment," *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (ellipsis in original; *quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)), or undue prejudice to the opposing party, see *Foman*, 371 U.S. at 182.

3

7.      In the instant matter, no such grounds for denying leave to amend exist. Plaintiff, as a *pro se* litigant, did her best to file the initial Complaint and First Amended Complaint and acted in good faith. Because the case *sub judice* is only approximately six months old, and this Honorable Court has not yet ruled on Defendant's Motion to Dismiss the Complaint nor on Defendant's Motion to Strike the First Amended Complaint, permitting Plaintiff to amend the First Amended Complaint at this stage will not be prejudicial to the Defendant nor cause undue delay in this proceeding. Since Plaintiff hired Counsel on January 29, 2020, Plaintiff and Counsel have worked diligently to prepare the proposed Second Amended Complaint.

8.      Plaintiff's counsel conferred with Defendant's counsel on January 30, 2020, promptly after Plaintiff secured representation, who consented to the filing of the proposed Second Amended Complaint.

9.      The proposed Second Amended Complaint clarifies the legal bases for Plaintiff's claims of discrimination and retaliation under the District of Columbia Human Rights Act, D.C. Code §2-1401.01 *et. seq*. In addition, the proposed amendment adds claims of discrimination, retaliation, hostile work environment and wrongful termination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq* ("Title VII"), claims of discrimination, retaliation, and hostile work environment under the Americans with Disabilities Act of 1990, as amended 42 U.S.C. §12101, *et seq.*, claims of retaliation and hostile work environment under the Family Medical Leave Act ("FMLA") of 1993, as amended 29 U.S.C. §2601, *et seq*, and Interference with Plaintiff's rights under the D.C. Accrued Safe and Sick Leave Act, D.C. Code §32-531.01 *et. seq*. Within the proposed Second Amended Complaint, Plaintiff has pled sufficient factual allegations that demonstrate Plaintiff is entitled to relief on each claim and includes a demand the relief sought, such that Plaintiff's claims would survive a motion to dismiss.

WHEREFORE, for the reasons set forth above, Plaintiff respectfully requests, pursuant to D.C. Super. Ct. Civ. R. 15, this Honorable Court accept Plaintiff's accompanying Second Amended Complaint in its entirety.

Respectfully submitted,

_____/s/_____
Paul V. Bennett, Esq. (Bar No. 427358)
Bennett & Ellison, P.C.
2086 Generals Highway, Ste. 201
Annapolis, Maryland 21401
(410) 974-6000
(410) 224-4590 Fax
pbennett@belawpc.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of April, 2020, a copy of Plaintiff's Motion for Leave to File Second Amended Complaint, the accompanying proposed Second Amended Complaint and proposed Order, were served on the following Defense Counsel via this Honorable Court's CM/ECF system.

Christopher Hassel, Esq.
BONNER KIERNAN TREBACH & CROCIATA LLP
1233 20th Street, NW 8th Floor
Washington, D.C. 20036
chassell@bonnerkiernan.com
202-712-7000
Attorney for Defendant

_____/s/_____

Paul V. Bennett, Esq. (Bar No. 427358)

Filed
D.C. Superior Court
04/27/2020 15:47PM
Clerk of the Court

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

ANIBELKA HENRIQUEZ SQUIRES   :
  :
    Plaintiff,   :
  :
  :    Case No.: 2019 CA 006410 B
  v.   :    Judge Jose M. Lopez
  :    Next Event: Scheduling Conference
GALLAUDET UNIVERSITY   :    June 4, 2020
  :
    Defendant.   :

## PRAECIPE FOR ENTRY OF APPEARANCE

COMES NOW, Defendant Gallaudet University (the "Defendant") requests that the

Clerk of the Court enter the appearance of Anthony M. Batt, Esq. (D.C. Bar No.: #1616459) of

BONNER KIERNAN TREBACH & CROCIATA, LLP as additional co-counsel for the

Defendant in the above-captioned matter.   Christopher E. Hassell, Esq., will remain as lead

counsel for the in the above-captioned matter. Undersigned counsel has duly registered in the

Court's electronic filing system.

Dated: April 27, 2020     **Respectfully submitted,**

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

*/s/Anthony M. Batt*
Christopher E. Hassell, Esq. (D.C. Bar No.: #291641)
Anthony M. Batt, Esq. (D.C. Bar No.: #1616459)
1233 20th Street, N.W., Ste. 800
Washington, D.C. 20036
(202) 712-7000 (telephone)
(202) 712-7100 (facsimile)
chassell@bonnerkiernan.com
abatt@bonnerkiernan.com
*Counsel for Defendant Gallaudet University*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed and served on all counsel of record below via the Court's electronic filing system this 27th day of April, 2020.

Paul V. Bennet, Esq.
Bennett & Ellison, P.C.
2086 Generals Highway, Ste. 201
Annapolis, Maryland 21401
pbennett@belawpc.com
*Counsel for Plaintiff*

/s/ Anthony M. Batt
Anthony M. Batt

Filed
D.C. Superior Court
04/28/2020 09:22AM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### CIVIL DIVISION

| | | |
|---|---|---|
| ANIBELKA HENRIQUEZ SQUIRES, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| GALLAUDET UNIVERISTY | * | Civil Action No.: 2019-CA-0006410 |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## CONSENT MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff, Anibelka Henriquez Squires, by and through her attorneys, Paul V. Bennett, and Bennett and Ellison, P.C., pursuant to Superior Court Civil Rule 15, hereby submits her Consent Motion for Leave to File Second Amended Complaint. For cause, Plaintiff states as follows:

1.     On September 30, 2019, Plaintiff filed *pro se* her Complaint in the Superior Court of the District of Columbia, against Defendant, Gallaudet University, for employment discrimination and retaliation. On October 22, 2019, Defendant filed a Motion to Dismiss the Complaint.

2.     On November 18, 2019, Plaintiff filed a First Amended Complaint. On December 11, 2019, Defendant filed a Motion to Strike the Amended Complaint.

3.     On January 10, 2020, the parties came before this Honorable Court for an Initial Scheduling Conference. On that date, the Court continued the matter until February 7, 2020 to allow Plaintiff to secure counsel and did not rule on Defendant's Motions.

3

7.     In the instant matter, no such grounds for denying leave to amend exist. Plaintiff, as a *pro se* litigant, did her best to file the initial Complaint and First Amended Complaint and acted in good faith. Because the case *sub judice* is only approximately six months old, and this Honorable Court has not yet ruled on Defendant's Motion to Dismiss the Complaint nor on Defendant's Motion to Strike the First Amended Complaint, permitting Plaintiff to amend the First Amended Complaint at this stage will not be prejudicial to the Defendant nor cause undue delay in this proceeding. Since Plaintiff hired Counsel on January 29, 2020, Plaintiff and Counsel have worked diligently to prepare the proposed Second Amended Complaint.

8.     Plaintiff's counsel conferred with Defendant's counsel on January 30, 2020, promptly after Plaintiff secured representation, who consented to the filing of the proposed Second Amended Complaint.

9.     The proposed Second Amended Complaint clarifies the legal bases for Plaintiff's claims of discrimination and retaliation under the District of Columbia Human Rights Act, D.C. Code §2-1401.01 *et. seq*. In addition, the proposed amendment adds claims of discrimination, retaliation, hostile work environment and wrongful termination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq* ("Title VII"), claims of discrimination, retaliation, and hostile work environment under the Americans with Disabilities Act of 1990, as amended 42 U.S.C. §12101, *et seq.,* claims of retaliation and hostile work environment under the Family Medical Leave Act ("FMLA") of 1993, as amended 29 U.S.C. §2601, *et seq*, and Interference with Plaintiff's rights under the D.C. Accrued Safe and Sick Leave Act, D.C. Code §32-531.01 *et. seq.* Within the proposed Second Amended Complaint, Plaintiff has pled sufficient factual allegations that demonstrate Plaintiff is entitled to relief on each claim and includes a demand the relief sought, such that Plaintiff's claims would survive a motion to dismiss.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 23rd day of April, 2020, a copy of Plaintiff's Motion for Leave to File Second Amended Complaint, the accompanying proposed Second Amended Complaint and proposed Order, were served on the following Defense Counsel via this Honorable Court's CM/ECF system.

> Christopher Hassel, Esq.
> BONNER KIERNAN TREBACH & CROCIATA LLP
> 1233 20th Street, NW 8th Floor
> Washington, D.C. 20036
> chassell@bonnerkiernan.com
> 202-712-7000
> Attorney for Defendant

> _____ /s/ _____
>
> Paul V. Bennett, Esq. (Bar No. 427358)

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CIVIL DIVISION

ANIBELKA HENRIQUEZ SQUIRES,     *

                                          *

     Plaintiff,                  *

v.                                   *

GALLAUDET UNIVERISTY          *     Civil Action No.: 2019-CA-0006410

     Defendant.               *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## SECOND AMENDED COMPLAINT

COMES NOW, Anibelka Henriquez Squires, by and through her attorneys, Paul V. Bennett, Esq., and Bennett & Ellison, P.C., and hereby sues Defendant, Gallaudet University and in support thereof states:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.

2.     This Court has jurisdiction pursuant to the District of Columbia Human Rights Act, D.C. Code § 2–1401.01, et seq. ("DCHRA").

3.     This Court has jurisdiction pursuant to the Family Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601, et seq. ("FMLA")

4.     Venue is proper in this Court as the events giving rise to Plaintiff's claims occurred in the District of Columbia and Defendant operates within the District of Columbia.

1

5.      Plaintiff, Anibelka Henriquez Squires, a resident of Maryland, was employed by

Gallaudet University, hereinafter ("Defendant"), until her termination on October 2, 2018.

6.      That at all times relevant hereto, Defendant is an entity employing fifteen (15) or

more persons, and is an "employer" within the definition of Title VII of the Civil Rights Act of

1964, 42 U.S.C. §§ 2000e et seq., ("Title VII"), the Americans with Disabilities Act, 42 U.S.C.

12101, et seq., ("ADA"), and D.C. Code § 32-1002.

## EXHAUSITON OF ADMINISTRATIVE REMEDIES

7.      In accordance with the Title VII and the ADA, Plaintiff timely filed a Charge of

Discrimination with the Equal Employment Opportunity Commission on June 26, 2019. On

August 20, 2019, a Notice of Right to Sue was issued by the U.S. Equal Employment

Opportunity Commission. Therefore, Plaintiff has properly exhausted her administrative

remedies before timely filing suit as required for Plaintiff's claims under federal law.

## FACTS COMMON TO ALL COUNTS

8.      Plaintiff is a Latina, fluent in Spanish, English, and American Sign Language. She

also belongs to the deaf community.

9.      Since October 2002, Plaintiff had been employed by Defendant in various

positions, including the Department of Public Safety, Lead Teacher position through Gallaudet at

Kendall Demonstration Elementary, Senior Admissions Counselor and Academic-Career

Advisor.

10.     On or about November 21, 2016, Plaintiff transferred to the Defendant's

Academic Advising Department ("AAD") and began the position of Academic-Career Advisor.

11.     On or about November 2016, Plaintiff was also elected as Gallaudet Staff Council

Chair ("GSC"). In this volunteer position, Plaintiff worked closely with the University President,

Dr. Roberta Cordano, to represent staff campus-wide. After an initial mentorship, Plaintiff held the GSC position for the term of January 2017 through June 2018.

12.     Plaintiff performed both roles as GSC chair and an advisor simultaneously and effectively.

13.     Plaintiff was the only Latina advisor and the only hard-of-hearing advisor in the AAD who. Plaintiff is considered medically "deaf" by sound detection ability, but with an assisted device such as a hearing aid, she is considered "hard-of-hearing" because she has access to auditory/articulation ability as those equivalent to a "hearing" person. Plaintiff did not need an interpreter for many one-on-one meetings with hearing parents, as an advisor.

14.     All other advisors, including Plaintiff's supervisor, Kathleen O'Brien (hereinafter "Ms. O'Brien") are considered medically "deaf" but no other advisor in the AAD is considered hard-of-hearing.

15.     All other advisors, including Plaintiff's supervisor, Ms. O'Brien, did not have the auditory/articulation ability as Plaintiff did.

16.     When Plaintiff was transferred to AAD, she was immediately responsible for a caseload of "red-flagged" advisees, indicating the students had poor attendance, were unresponsive, and required ongoing follow-ups.

17.     Plaintiff received these "red-flagged" advisees because, upon Plaintiff's transfer, Ms. O'Brien had asked each advisor to give her at least 30-35 advisees who were considered "red-flagged."

18.     On August 4, 2017, Plaintiff received a GSC opportunity to attend and co-present at a social justice conference out of state. Plaintiff asked Ms. O'Brien for permission for leave from the AAD to attend.

3

19.     Ms. O'Brien did not approve the request, ostensibly because it fell within the AAD "black-out" dates for course registration, during which Advisors could not take time off.

20.     Other Advisors in the AAD, including Jessica Duhon, were given opportunities to participate in events, such as attendance at the Admissions Review Committee, whereas Plaintiff was denied the opportunity to go to the social justice conference, and other events, including the Open House booth from Admissions, the Admissions Review Committee, Latinos in DC Conference, and an Academic Advisors conference in Delaware.

21.     Since GSC reports to the University President Roberta Cordano, on August 15, 2017, Plaintiff emailed President Cordano regarding the conference opportunity and Ms. O'Brien's decision.

22.     On or about August 18, 2017, Plaintiff was approved to attend the social justice conference after the decision was reconsidered by Dr. Cordano, Dr. Thomas Horejes (Associate Provost), Ms. Thelma Schroeder (Associate Dean, Academic and Career Success) and Ms. O'Brien.

23.     On or about November 14, 2017, Plaintiff met with Ms. O'Brien and Sharrell McCaskill (EEO Director) for Plaintiff's first performance evaluation as an advisor for the period of November 21, 2016 to September 30, 2017.

24.     In the section of the review for "interpersonal skills and commitment," Ms. O'Brien evaluated Plaintiff as "needs improvement" under the "attitude" criteria.

25.     In Plaintiff's tenure with Defendant, Plaintiff had never received a performance evaluation review that her attitude needed improvement.

26.     When Plaintiff asked Ms. O'Brien to provide examples of her undesirable "attitude," Ms. O'Brien mentioned Plaintiff's e-mail to the University President, Dr. Cordano

4

regarding the social justice conference. Ms. O'Brien could not provide any further examples upon request.

27.     On or about December 4, 2017, Plaintiff appealed her performance evaluation.

28.     Subsequently throughout December 2017, Ms. O'Brien and Plaintiff exchanged letters in which Ms. O'Brien attributed other interactions to her evaluation. Plaintiff asserted these interactions were being misconstrued and did not indicate a negative attitude.

29.     Plaintiff has never been reprimanded by any department with Defendant, until the AAD.

30.     Beginning in January 2018, Plaintiff began receiving reprimand letters for non-compliance.

31.     On January 18, 2018, Plaintiff received a reprimand letter for leaving the room of a welcome lunch, despite having only left the room for 10 minutes to take a short break.

32.     On January 22, 2018, Plaintiff received an addendum to the January 18th reprimand letter when a walk-in advisee came at 4:15p.m., though Plaintiff had stopped seeing advisees at 4:00p.m., to use the restroom and go to a university council meeting, as Plaintiff had not received a lunch break that day. Another Advisor, Jessica Duhon, stopped seeing advisees at 4:00 p.m. the following day, but was not reprimanded.

33.     Moreover, other colleagues were not questioned when they stopped work around 4:15, used the restroom, and/or left a few minutes early, including, but not limited to, Jessica Duhon, Linda Williams, and Melissa Kononenko.

34.     Plaintiff was repeatedly informally reprimanded for arriving late and/or leaving early within five minutes of her arrival/departure time/return from lunch break. Plaintiff felt that Ms. O'Brien was always watching her movements.

35.     Plaintiff rarely took lunch breaks outside of the office and when she did, she was back within 30 minutes.

36.     Other colleagues, such as Jessica Duhon (also supervised by Ms. O'Brien) would arrive 10-15 minutes late from lunch break with no reprimands.

37.     On January 22, 2018, in addition to the addendum reprimand letter, Plaintiff received a new reprimand, accusing Plaintiff of abusing or misusing the sick leave policy for using sick leave on black-out dates and stating that Plaintiff's monthly use of sick leave was a cause for concern.

38.     This January 22, 2018 sick-leave reprimand came despite the AAD's knowledge that Plaintiff routinely took sick leave twice a month.

39.     As a result of the January 22, 2018 reprimand, effective immediately, Plaintiff was required to submit a doctor's note for every time she was absent for sick leave, despite department policy that a sick note was not needed unless an employee took more than three consecutive sick leave days.

40.     Plaintiff never took more than two consecutive days of sick leave.

41.     Other advisors, including Jessica Duhon, were out of the office as often or more often than Plaintiff, yet were not accused of abusing sick leave policy, nor required to provide documentation of every absence for sick leave.

42.     On January 22, 2018, Plaintiff emailed Ms. Schroeder and Ms. McCaskill to express her concerns for her safety around Ms. O'Brien and to address how Ms. O'Brien was coloring Plaintiff's actions as "insubordination" through reprimands.

43.     Following the three reprimands in one week and Ms. O'Brien's ongoing hostility, Plaintiff met with her doctor on January 23, 2018 regarding sleep disturbance, anxiety, and lack of appetite, among other symptoms.

44.     Plaintiff was granted FMLA leave from January 23 to March 18, 2018.

45.     While on FMLA leave, Plaintiff appealed each reprimand letter (January 18th reprimand, January 22nd addendum, January 22nd reprimand).

46.     Plaintiff returned to work from FMLA leave on March 19, 2018.

47.     Post-FMLA leave, Ms. O'Brien's retaliatory conduct and Plaintiff's hostile work environment persisted. On a regular basis, Plaintiff is the only person O'Brien would stop to greet in the morning. Passing by other advisors, Ms. O'Brien stopped in front of Plaintiff's office, made large gestures, flashed Plaintiff's door light and jumped to get Plaintiff's attention. Once Plaintiff would make eye contact, Ms. O'Brien would smirk and walk away.

48.     In or about May 2018, the AAD began having bi-weekly meetings between supervisors and advisors. Plaintiff's first bi-weekly meeting was held on May 22, 2018, in Ms. O'Brien's office.

49.     At Plaintiff's first bi-weekly meeting, Plaintiff expressed she was uncomfortable meeting in Ms. O'Brien's office and suggested a neutral area. Ms. O'Brien reemphasized future meetings would be held in her office.

50.     On or about June 12, 2018, Plaintiff reiterated her request to Ms. O'Brien to have a neutral space and to have a representative from HR, EEO or OMBUDS present for their next bi-weekly meetings. Ms. O'Brien insisted a third party was not necessary for the meetings.

51.     On June 14, 2018, Ms. O'Brien issued another reprimand letter concerning negative behavior and insubordination, in part, based on Plaintiff not greeting Ms. O'Brien and for displaying discomfort in their biweekly meetings.

52.     Plaintiff appealed the June 14, 2018 reprimand letter and emphasized that Ms. O'Brien's continued harassment resulted in Plaintiff experiencing negative effects, including anxiety, withdrawal, sleep disturbance, avoidance of eye contact, depression, and confusion.

53.     Ms. O'Brien continued to make an issue out of trivial disagreements or office conduct. For example, on July 25, 2018, Ms. O'Brien scheduled a meeting and intended to issue a formal reprimand for failing to carbon copy ("CC") Ms. O'Brien on one e-mail. Plaintiff only intended to forward the e-mail to the applicable advisor.

54.     Throughout the month of June 2018, Thelma Schroeder, who had heard many of Plaintiff's complaints of O'Brien's conduct and is a personal friend of Ms. O'Brien, began pacing back and forth by Plaintiff's office, giving her long stares.

55.     Defendant prepared a separation agreement called the "Confidential Settlement Agreement and Mutual Release" to Plaintiff on August 17, 2018, which included the condition that Plaintiff resign that same day.

56.     Plaintiff denied the offer on August 23, 2018.

57.     On August 23, 2018, Defendant gave Plaintiff's then-attorney the option by e-mail for Plaintiff to return to the AAD.

58.     When Plaintiff attempted to accept the offer on August 24, 2018, Plaintiff was then told she could not return.

59.     Plaintiff received a letter dated October 2, 2018, terminating Plaintiff's employment with the reason provided that she declined to accept Defendant's proposed settlement agreement.

8

## COUNT I
## RETALIATION
### (Adverse Actions, Protected Activity Deterrents and Termination)
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. §§ 2000e et seq.

60.     Plaintiff hereby restates and incorporates paragraphs 1 through 59 of this Complaint as though fully set forth herein.

61.     Plaintiff was subjected to harassment and hostility by her supervisor, Kathleen O'Brien, including but not limited to Plaintiff' receipt of red-flagged cases upon her arrival, several denied opportunities to participate in events, reprimands, micromanagement, and a negative job performance review. Plaintiff was also subjected to harassment by Thelma Schroeder, who paced her door and stared during work hours.

62.      Plaintiff engaged in legally protected activities under Title VII, including repeated complaints of Ms. O'Brien's harassment to HR, the EEO Officer, OMBUDS, and superiors in the University, such as the Associate Dean and Associate Provost.

63.     Plaintiff also filed of a Charge of Discrimination with the Equal Employment Opportunity Commission on July 27, 2018, on the basis of race, retaliation and disability.

64.     Plaintiff was the only Latina advisor in the AAD.

65.     The subsequent actions taken against Plaintiff, including but not limited to termination, amounted to illegal retaliation against Plaintiff for making complaints of harassment since she arrived in the AAD.

66.     That the aforementioned acts of retaliation constitute unlawful employment practices pursuant to Title VII of the Civil Rights Act of 1964.

67.     Through Plaintiff's repeated complaints, the aforementioned legally protected activities were known by Defendant to have occurred.

68.     That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee based upon her race (Latina) and engagement in legally protected activities.

69.      That the unlawful employment practices complained above were intentional.

70.     That Defendant's adverse actions against Plaintiff were taken on the basis of her race (Latina).

71.     That the retaliatory actions complained of above were done with malice and/or with reckless indifference to Plaintiff's rights.

72.     That the retaliatory employment practices carried out by Defendant including but not limited to harassment, condescension, creating a hostile work environment, micromanagement, reprimands and terminating Plaintiff on October 2, 2018, as set forth above have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation, and mental anguish, attorneys' fees and litigation costs.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT II
## HOSTILE WORK ENVIRONMENT
### (Adverse Actions and Protected Activity Deterrents)
### Title VII of the Civil Rights Act of 1964, as amended,
### 42 U.S.C. § 2000e, *et seq.*

73.     Plaintiff hereby restates and incorporates Paragraphs 1 through 59 of this Complaint as though fully set forth herein

74.     Plaintiff was subjected to harassment by her supervisor, Kathleen O'Brien, including but not limited to Plaintiff' receipt of red-flagged cases upon her arrival, several denied opportunities to participate in events, reprimands, micromanagement, and a negative job performance review, which created a personally hostile and offensive environment to Plaintiff.

10

Plaintiff was also subjected to harassment by Thelma Schroeder, who paced her door and stared at her during work hours.

75.     The actions as set forth above in the facts common to all counts were designed to intimidate, harass, and humiliate Plaintiff.

76.     That Plaintiff's supervisors carried out the aforementioned acts against Plaintiff on the basis of her race (Latina), a protected class under Title VII of the Civil Rights Act of 1964.

77.     That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964.

78.     The unlawful employment practices complained of above were intentional.

79.     That. Plaintiff complained of the unlawful practices to Chief of Staff, OMBUDS, HR, EEO, the Associate Dean and Associate Provost on multiple occasions regarding Plaintiff's supervisors' conduct.

80.     Plaintiff believed her work environment to be hostile and abusive as a result of Defendant's conduct and such conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

81.     That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race (Latina).

82.     That the aforementioned conduct of Defendant's supervisory employees was sufficiently severe and pervasive so as to alter the terms and conditions of Plaintiff's employment, including but not limited to termination.

83.     That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish, as well as to incur attorney's fees and court costs.

84.     That the intentional actions of Defendant, through its supervisory employees against Plaintiff, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

85.     That Defendant knew or should have known of the aforementioned conduct of Defendant's supervisory employees against Plaintiff and failed to take prompt corrective actions.

86.     That Defendant is vicariously liable for the conduct of its supervisory employees carried out in the course and scope of their employment. All of the acts set forth above by the supervisory employees were carried out in the course and scope of their employment.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT III
## WRONGFUL TERMINATION
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. § 2000e et. seq.

87.     Plaintiff hereby restates and incorporates Paragraphs 1 through 59 of this Complaint as though fully set forth herein.

88.     From March to August 2018, O'Brien's mistreatment of Plaintiff was not changing.

89.     Defendant provided the proposed agreement to Plaintiff on August 17, 2018 and Plaintiff declined the agreement on August 23, 2018.

90.     On August 23, 2018, between counsel, Defendant gave Plaintiff the option to return to her position at Academic Advising, yet when Plaintiff communicated to Defendant she would return, Defendant did not allow it.

91.    On October 2, 2018, Defendant terminated Plaintiff's employment "since [Plaintiff] had declined to accept Gallaudet's proposal for a separation agreement."

92.    At no time had Plaintiff agreed to resign or terminate her employment if and when Plaintiff denied a separation agreement.

93.    That the aforementioned acts constitute unlawful practices pursuant to Title VII.

94.    That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race.

95.    That the unlawful employment practices complained of above were intentional.

96.    That the intentional actions of Defendant through its supervisory employees against Plaintiff, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

97.    That the hostile and discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish as well as to incur attorney's fees and court costs.

98.    WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT IV
## RACE DISCRIMINATION
### (Disparate Treatment)
**Title VII of the Civil Rights Act of 1964, as amended,**
**42 U.S.C. § 2000e, *et seq.***

99.    Plaintiff hereby restates and incorporates Paragraphs 1 through 59 of this Complaint as though fully set forth herein.

100.   Plaintiff was qualified and satisfactorily performing her duties an Academic Advisor.

13

101.    That Defendant carried out the aforementioned acts of discrimination against Plaintiff based on her race (Latina)—a protected class under Title VII.

102.    That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race (Latina).

103.    That the unlawful employment practices complained of above were intentional.

104.    That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964.

105.    Based upon information and belief, similarly-situated non-Latina employees, (all other AAD advisors) were not subjected to the same or similar severe adverse employment actions that Plaintiff endured, including, but not limited to, being terminated from employment, repeated reprimands, harassment, micromanagement and intimidation.

106.    All the advisors (non-Latina) held the same or similar job functions as Plaintiff, received the same training as Plaintiff and were supervised by the same individuals in the AAD and superiors at Gallaudet University. Further, these individuals received more favorable treatment in that they were not terminated from their positions, reprimanded for same or similar conduct, or otherwise adversely affected.

107.    That Plaintiff was discriminated against in employment based on her race when she was treated less favorably than similarly situated non-Latina employees who were not subjected to the aforementioned acts of discrimination.

108.    Plaintiff was the only Latina advisor in the AAD.

109.    A motivating factor for taking the aforementioned adverse job actions against Plaintiff was because of her race.

14

110.    That the discriminatory actions, as set forth above, have caused and will continue

to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress,

humiliation and mental anguish as well as to incur attorney's fees and court costs.

111.    That the discriminatory actions of Defendant, as alleged above, were done with

malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT V
## DISABILITY DISCRIMINATION
### (Disparate Treatment)
## Americans with Disabilities Act of 1990, as amended,
## 42 U.S.C. § 12101, *et seq.*

112.    Plaintiff hereby restates and incorporates paragraphs 1 through 59 of this

Complaint as though fully set forth herein.

113.    The Americans with Disabilities Act of 1990, as amended, U.S.C. § 12101, et

seq., prohibits discrimination against qualified individuals with disabilities in the terms,

conditions, and privileges of employment.

114.    Defendant is a "covered entity" and "employer" under the ADA, as Defendant

employs 15 persons or more.

115.    Plaintiff was satisfactorily performing her duties as an advisor and could do so

with or without reasonable accommodation, thereby rendering her a "qualified individual" under

the ADA.

116.    At all times relevant herein, Plaintiff suffered from a disability as defined in the

ADA, (deafness). While Plaintiff has some access to auditory/articulation ability, Plaintiff's

disability substantially limits her ability to engage in major life activities, including, but not

limited to, hearing and speaking.

15

117.   That similarly situated individuals (advisors and staff) who are deaf, not hard-of-hearing, who do not have articulation/auditory ability, including without limitation, Jessica Duhon, Linda Williams, and Melissa Kononenko, were not subjected to the same or similar discriminatory treatment that Plaintiff endured, including but not limited to harassment, intimidation, reprimands and involuntary termination.

118.   These individuals were academic advisors and staff who performed similar duties to Plaintiff, went through the same/similar training as Plaintiff and/or were supervised by the same individuals in the AAD and Gallaudet University. Further, these individuals received more favorable treatment in that they were not terminated from their positions, reprimanded for same or similar conduct or otherwise adversely affected.

119.   That Defendant became aware of Plaintiff's disability of deafness upon hire and Plaintiff's supervisor became aware of her access to auditory/articulation ability from her performance at work and personal knowledge. Plaintiff often did not need an interpreter during meetings with a "hearing" individual.

120.   The motivating factor for taking the aforementioned adverse job actions against Plaintiff was because of her disability, particularly that she was deaf with some articulation and auditory ability.

121.   That Plaintiff was discriminated against in employment based on her disability when she was treated less favorably than similarly situated advisors who were not subjected to the aforementioned acts of discrimination, including but not limited to termination.

122.   That the intentional aforementioned acts constitute unlawful practices pursuant to the ADA.

123.    That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

124.    That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish as well as to incur attorney's fees and court costs.

125.    That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT VI**
**HOSTILE WORK ENVIRONMENT**
**(Adverse Actions and Protected Activity Deterrents)**
**Americans with Disabilities Act of 1990, as amended**
**42 U.S.C. § 12101, *et seq.***

126.    Plaintiff hereby restates and incorporates Paragraphs 1 through 59 of this Complaint as though fully set forth therein.

127.    Plaintiff was subjected to harassment by her supervisor, Ms. O'Brien, including but not limited to Plaintiff's receipt of red-flagged cases upon her arrival, several denied opportunities to participate in events, reprimands, micromanagement, and a negative job performance review, which created a personally hostile and offensive environment to Plaintiff.

128.    The actions set forth above were designed to intimidate, harass and humiliate Plaintiff.

129.    That Plaintiff's supervisors carried out the aforementioned acts against Plaintiff on the basis of her disability, (deafness), particularly because she is deaf with some access to auditory/articulation ability.

17

130.   That the aforementioned acts constitute unlawful practices pursuant to Title VII.

131.   That the unlawful employment practices complained of above were intentional, unwelcome, and personally hostile and offensive to Plaintiff.

132.   That Plaintiff complained to Chief of Staff, OMBUDS, HR, EEO, the Associate Dean and Associate Provost often regarding O'Brien's mistreatment of Plaintiff.

133.   Plaintiff filed a Charge of Discrimination with the EEOC on the basis of disability.

134.   Plaintiff believed her work environment to be hostile or abusive as a result of Defendant's conduct.

135.   Defendant's conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

136.   That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability (deafness).

137.   That the aforementioned conduct of Defendant's supervisory employees was sufficiently severe and pervasive so as to alter the terms and conditions of Plaintiff's employment, including termination.

138.   That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish as well as to incur legal fees and court costs.

139.   That the intentional actions of Defendant and its supervisory employees against Plaintiff, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

140.    That Defendant knew or should have known of the aforementioned conduct of Defendant's supervisory employees against Plaintiff and failed to take corrective actions to resolve the intimidation, harassment and humiliation.

141.    That Defendant is vicariously liable for the conduct of its supervisory employees carried out in the course and scope of their employment. All of the acts set forth above by the supervisory employees were carried out in the course and scope of their employment.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

### COUNT VII
### RETALIATION
### (Adverse Actions and Protected Activity Deterrents and Termination)
### American with Disabilities Act of 1990, as amended
### 42 U.S.C. § 12101, et seq.

142.    Plaintiff hereby restates and incorporates Paragraphs 1 through 59 of this Complaint as though fully set forth herein.

143.    Plaintiff's supervisor used various formal and informal reprimands through Plaintiff's employment.

144.    Plaintiff made repeated complaints to HR, the Chief of Staff, the Assistant Dean, OMBUDS, and Associate Provost from November 2017 until her termination in reference to the harassment and hostile work environment she endured.

145.    Plaintiff also filed a Charge of Discrimination with the Equal Opportunity Employment Commission on June 27, 2019 asserting Defendant retaliated against Plaintiff on the basis of her disability (deafness), thus the aforementioned legally protected activities were known by management to have occurred.

146.    The subsequent adverse employment actions as set forth in the above-references facts common to all counts, including but not limited to, reprimands, denied opportunities,

micromanagement, a negative job performance review and harassment, taken on the basis of

Plaintiff's disability amounted to illegal retaliation in violation of the ADA.

147.    That the aforementioned acts of retaliation for reporting discrimination constitute

unlawful employment practices pursuant to the ADA.

148.    That the effect of the practices complained of above was to deprive Plaintiff of

equal employment opportunities and otherwise adversely affect her status as an employee based

upon her disability and participation in legally protected activities.

149.    That the discriminatory actions, as set forth above, have caused and will continue

to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress,

humiliation and mental anguish as well as to incur attorney's fees and court costs.

150.    That the intentional retaliatory actions complained of above were done with

malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT VIII
## RETALIATION
## Family Medical Leave Act of 1993, as amended
## 29 U.S.C. § 2601, *et seq.*

151.    Plaintiff hereby restates and incorporates paragraphs 1 through 59 of this

Complaint as though fully set forth herein.

152.    The FMLA provides, *inter alia*, that an eligible employee is entitled to up to

twelve (12) workweeks of leave during any twelve (12)-month period, on either a continuous or

intermittent basis, in order to care for his own serious health condition, and that such eligible

employee is entitled to be restored to the same or equivalent position at the conclusion of the

leave.

20

153.    In requesting and taking medical leave from January 23, 2018 to March 18, 2018, Plaintiff was exercising her lawful rights under the FMLA.

154.    Defendant was aware Plaintiff was exercising her lawful rights under the FMLA; Defendant acknowledged Plaintiff's eligibility for FMLA leave.

155.    While Plaintiff was on FMLA leave, Defendant posted an "Extended Temporary Full-Time" Academic Advising position online.

156.    Post FMLA leave, Plaintiff was harassed and reprimanded by O'Brien. For example, in the mornings, O'Brien walked by other advisors and stood in front of Plaintiff's office, flicking her door lights and making large gestures to elicit a "good morning" from Plaintiff. When Plaintiff made eye contact, O'Brien would smirk and walk away.

157.    On April 5, 2018, Ms. Schroeder and O'Brien scheduled a meeting with Plaintiff, in which Plaintiff expressed a lack of support for taking sick leave compared to her colleagues and the discomfort she felt around O'Brien.

158.    In the month of June, Ms. Schroeder began pacing Plaintiff's office several times a day and stared into her office.

159.    Plaintiff felt watched, micromanaged and intimidated by O'Brien and Ms. Schroeder's conduct.

160.    On October 2, 2018, Thelma Schroeder terminated Plaintiff's employment with Defendant.

161.    Defendant took the aforementioned adverse job actions against Plaintiff because she exercised her lawful rights under the FMLA.

162.    Plaintiff supervisor reprimanded Plaintiff for use of sick leave and continued to harass Plaintiff to provide documentation for future sick leave, thought the documentation was unwarranted by Defendant's three consecutive day policy.

163.    Defendant's unlawful conduct, as set forth above, was willful and wanton, and/or was done with malice and/or reckless disregard for Plaintiff's rights under the FMLA.

164.    Defendant's retaliatory conduct, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish as well as to incur attorney's fees and court costs.

165.    Defendant's retaliatory conduct was in violation of the FMLA, 29 U.S.C. § 2615.

166.    Defendant's unlawful conduct, as set forth above, was not in good faith and Defendant lacked reasonable grounds for believing that this conduct was not a violation of 29 U.S.C. § 2615.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT IX**
**RACE DISCRIMINATION**
**District of Columbia Human Rights Act**
**D.C. Code § 2–1401.01, et seq.**

167.    Plaintiff hereby restates and incorporates paragraphs 1 through 59 of this Complaint as though fully set forth herein.

168.    At all pertinent times Defendant was an employer subject to provisions of the D.C. Human Rights Act, 2-1401 et seq., of the District of Columbia Code.

169.    At all pertinent times, Plaintiff was an employee entitled to protected under the D.C. Human Rights Act.

22

170.    The D.C. Human Rights Act prohibits discrimination in employment based on an individual's race.

171.    Defendant, in violation of the D.C. Human Rights Act, knowingly and intentionally engaged in unlawful discrimination through a practice of harassment and intimidation and by terminating Plaintiff's employment because of her race (Latina) after Plaintiff denied Defendant's proposed separation agreement.

172.    Defendant had no legitimate business reason for any such treatment of Plaintiff. Plaintiff did not resign or agree to resign in the event that Plaintiff denied Defendant's proposed separation agreement.

173.    No other employees similarly situated to Plaintiff were harassed or terminated.

174.    Plaintiff was the only Latina advisor in the AAD.

175.    Defendant's unlawful conduct, as set forth above, was willful and wanton, and/or was done with malice or in reckless disregard for Plaintiff's rights under the D.C Human Rights Act.

176.    That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish as well as to incur attorney's fees and court costs.

## COUNT X
## RETALIATION
## District of Columbia Human Rights Act
## D.C. Code § 2–1401.01, et seq.

177.    Plaintiff hereby restates and incorporates paragraphs 1 through 59 of this Complaint as though fully set forth herein.

178.     Under the D.C. Code,  it is "an unlawful discriminatory practice to coerce, threaten, retaliate against, or interfere with any person in the exercise or enjoyment of, or on account of having exercised or enjoyed, or on account of having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected under" the District of Columbia Human Rights Act. D.C. Code § 2-1402.61.

179.     It is a right granted or protected under the D.C. Human Rights Act for employees to make complaints of discrimination and a hostile work environment.

180.     Plaintiff made numerous complaints to various bodies including repeated complaints of harassment and hostile work environment to HR, EEO, OMBUDS, and superiors in the University, such as the Associate Dean and Associate Provost.

181.     Plaintiff also filed a Charge of Discrimination with the Equal Employment Opportunity Commission on July 27, 2018, on the basis of race, retaliation and disability.

182.     The subsequent renewed hostile work environment and eventual termination of her employment, as set forth tin the above-referenced facts common to all counts amounted to illegal retaliation against Plaintiff, including but not limited to constant micromanagement, surveillance, harassment, reprimands, and termination.

183.     That Defendant's actions are a violation of the D.C. Code § 2-1402.1, et seq.

184.     A motivating factor for taking the aforementioned adverse job actions against Plaintiff was because of her race (Latina).

185.     Defendant's unlawful conduct, as set forth above, was willful and wanton, and/or was done with malice or in reckless disregard for Plaintiff's rights under the D.C Human Rights Act.

186.   Defendant's discriminatory conduct proximately caused economic damages to Plaintiff, including lost wages.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT XI
## HOSTILE WORK ENVIRONMENT
### (Adverse Actions and Protected Activity Deterrents)
### District of Columbia Human Rights Act
### D.C. Code § 2–1401.01, et seq.

187.   Plaintiff hereby restates and incorporates Paragraphs 1 through 59 of this Complaint as though fully set forth herein.

188.   Plaintiff was subjected to harassment by her supervisor, O'Brien, and Ms. Schroeder, including but not limited to Plaintiff's receipt of red-flagged cases upon her arrival, several denied opportunities to participate in events, reprimands, surveillance, micromanagement, and a negative job performance review, which created a personally hostile and offensive environment to Plaintiff. Plaintiff was also subjected to harassment by Thelma Schroeder, who paced her door and stared at her during work hours.

189.   That Plaintiff's supervisors carried out the aforementioned acts against Plaintiff on the basis of her race (Latina), a protected class under DCHRA.

190.   That the aforementioned actions were designed to intimidate, harass and humiliate Plaintiff based on her race (Latina).

191.   That Defendant's actions were intentional and constitute unlawful practices pursuant to the DCHRA.

192.   Plaintiff believed her work environment to be hostile and abusive as a result of Defendant's conduct and such conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find Plaintiff's work environment to be hostile or abusive.

193.    That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her race (Latina).

194.    That the aforementioned conduct of Defendant's supervisory employees was sufficiently severe and pervasive so as to alter the terms and conditions of Plaintiff's employment, including termination.

195.    That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish as well as to incur attorney's fees and court costs.

196.    That the intentional actions of Defendant through its supervisory employees against Plaintiff, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

197.    That Defendant knew or should have known of the aforementioned conduct of Defendant's supervisory employees against Plaintiff and failed to take prompt corrective actions.

198.    That Defendant is vicariously liable for the conduct of its supervisory employees carried out in the course and scope of their employment. All of the acts set forth above by the supervisory employees were carried out in the course and scope of their employment.

## COUNT XII
### (INTERFERENCE)
### District of Columbia Accrued Safe and Sick Leave Act
### D.C. Code § 32-531.01 et seq.

199.    Plaintiff hereby restates and incorporates paragraphs 1 through 59 of this Complaint as though fully set forth herein.

200.    The DC Accrued Sick and Safe Leave Act, DC § 32-531.08, prohibits retaliation against and interference with an employee's assertion of their rights to receive paid sick leave.

201.    The AAD's policy on "black-out" dates specified mandatory dates in which employees were prohibited from taking leave at all.

202.    O'Brien formally reprimanded Plaintiff for taking isolated days off on black-out and on non-blackout dates, by requiring she provide written documentation for every sick leave absence, under the guise of alleged misuse of Defendant's sick leave policy.

203.    Plaintiff's use of 10 days of sick leave in a period of six months is not sufficient to constitute abuse or misuse of sick leave to justify O'Brien's requirement for Plaintiff to submit documentation in these absences.

204.    Defendant's "blackout" policy interfered with Plaintiff's use of warranted sick leave.

205.    Defendant's actions of disallowing Plaintiff to utilize sick leave on a black-out day is a violation of the D.C. Accrued Sick and Safe Leave Act in that it interferes with Plaintiff's right to sick leave.

206.    As a result of Defendant's unlawful actions, Defendant has caused and will continue to cause Plaintiff to suffer lost earnings and earning capacity, severe emotional distress, humiliation and mental anguish as well as to incur attorney's fees and court costs.

## PRAYER FOR DAMAGES

WHEREFORE, for the foregoing reasons, Plaintiff, Anibelka Henriquez Squires, demands judgment against Defendant, Gallaudet University, as follows:

a.    Lost wages in the amount of approximately $130,000.00;

b.    Damages for her emotional distress and mental anguish in the amount of $250,000.00;

c.    Prejudgment and post judgment interest;

27

d.   Award attorney's fees and costs, including expert witness fees, as allowed by law;

e.   Award past and future economic damages for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, back pay and lost benefits, COBRA payments incurred by Plaintiff, front pay, and special damages comprised in part of, but not limited to, past and future costs of borrowing funds to meet financial obligations, and past and future out-of-pocket pecuniary losses;

f.   Award past and future non-economic damages for all claims as allowed by law, in an amount to be determined at trial, including, but not limited to, a clean/corrected human resource record, reinstallation of employment, lost earnings capacity, mental suffering, emotional distress, loss of enjoyment of life, humiliation, loss of reputation, and inconvenience;

g.   And for such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

_____/s/_____
Paul V. Bennett, Esq. (Bar No. 427358)
Bennett & Ellison, P.C.
2086 Generals Highway, Suite 201
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: pbennett@belawpc.com
*Attorney for Plaintiff*

28

## DEMAND FOR JURY TRIAL

Plaintiff, Anibelka Henriquez Squires, by and through her attorneys, Paul V. Bennett, Esq. and Bennett & Ellison, P.C., hereby demands that this above-captioned matter be tried before a jury on all issues so triable.

Respectfully Submitted,


_____/s/_____
Paul V. Bennett, Esq.  (Bar. No. 427358)
Bennett & Ellison, P.C.
2086 Generals Highway, Suite 201
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: pbennett@belawpc.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Second Amended

Complaint served online, via the Court's e-filing system on this 23rd day of April 2020 to:


Christopher Hassel, Esq.
BONNER KIERNAN TREBACH & CROCIATA LLP
1233 20th Street, NW 8th Floor
Washington, D.C. 20036
chassell@bonnerkiernan.com
202-712-7000
Attorney for Defendant


_____
/s/

Paul V. Bennett, Esq.  (Bar No. 427358)

30

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

## CIVIL DIVISION

| | | |
|---|---|---|
| **ANIBELKA HENRIQUEZ SQUIRES** | * | |
| Plaintiff, | * | |
| v. | * | **Civil Action No. 2019-CA-0006410** |
| **GALLAUDET UNIVERSITY** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## <u>ORDER</u>

WHEREAS, upon consideration of Plaintiff's Motion for Leave to File Second Amended

Complaint and the record of this case as a whole, and good cause having been shown, it is hereby

**ORDERED**, this _____ day of _____, 2020, that Plaintiff's

Motion for Leave to File Second Amended Complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint is accepted

in its entirety.

_____

Hon. Judge Jose M. Lopez

cc: Counsel of record

Filed
D.C. Superior Court
04/29/2020 10:54AM
Clerk of the Court

### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

ANIBELKA HENRIQUEZ SQUIRES,

    Plaintiff,

    v.

GALLAUDET UNIVERSITY,

    Defendant.

Case No.: 2019 CA 006410 B

Judge José M. López
Civil Calendar 14

## <u>OMNIBUS ORDER</u>

Before the Court is Defendant's Motion to Dismiss, filed October 22, 2019, and Motion to Strike the Amended Complaint, filed December 11, 2019. On April 29, 2020, this Court granted Plaintiff's Consent Motion for Leave to File Second Amended Complaint. The Second Amended Complaint clarifies the legal bases for Plaintiff's claims and adds additional claims. In light of Plaintiff's Second Amended Complaint being deemed filed, Defendant's Motion to Dismiss and Motion to Strike the Amended Complaint are moot. Accordingly, it is this 29th day of April 2020, hereby

**ORDERED** that Defendants Motion to Dismiss and Motion to Strke the Amended Complaint are **DENIED AS MOOT**.

**SO ORDERED.**

José M. López, Judge
(Signed in Chambers)

Copies via CaseFileXpress to:

Paul Bennett
*Counsel for the Plaintiff*

Chris Hassell
*Counsel for the Defendant*

1

Filed
D.C. Superior Court
04/29/2020 10:39AM
Clerk of the Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **ANIBELKA HENRIQUEZ SQUIRES,** | | |
| **Plaintiff,** | ⋮ | **Case No.: 2019 CA 006410 B** |
| **v.** | ⋮ | |
| **GALLAUDET UNIVERSITY,** | ⋮ | **Judge José M. López** |
| **Defendant.** | ⋮ | **Civil Calendar 14** |

## ORDER

Upon consideration of Plaintiff's Consent Motion for Leave to File Second Amended Complaint (the "Motion"), and for good cause shown, it is this 29th day of April 2020, hereby

**ORDERED** that the Motion is **GRANTED**; and it is

**FURTHER ORDERED** that the proposed Second Amended Complaint, included as an additional filing to the Motion, is deemed filed and accepted.

**SO ORDERED.**

José M. López, Judge
(Signed in Chambers)

**Copies via CaseFileXpress to:**

Paul Bennett
*Counsel for the Plaintiff*

Chris Hassell
*Counsel for the Defendant*

1